Totten, J.,
delivered the opinion of the court.
The defendant, Bayless Moore, was convicted in the circuit court of Washington, on a charge of lewdness. On his motion, the judgment was arrested, and the State has appealed in error to this court.
The case turns, of course, upon the sufficiency of the indictment. The indictment avers, that Bayless Moore and Abigail Willis, “ being scandalous and evil disposed persons,” &c., “ did live, use and co-habit together as man and wife, in lewd acts of adultery and fornication, not being then and there lawfully married to each other,” &c.
We think the indictment bad, because it contains no averment that the acts constituting the offence, were openly and pnblicly committed.
In 4 Bl. Com. 64, it is said that “ open and notorious lewdness ” is an indictable offence at common law: — as by frequenting houses of ill-fame, or by some grossly scandalous and public indecency. So, in Grisham and Ligan vs. The State; 2 Yerg. R. 596, the court say that<! acts or conduct notoriously against public decency and good manners, constitute an offence at common law.”
*137 If the act or conduct is of such character as necessarily to be or become public orbe generally known, that is, suchnotoriety as will constitute the offence. And as a secret and single act of adultery or iornication does not constitute the indictaable offence of lewdness, it is necessary for the sake of legal certainty, that words of notoriety be employed in its description.
It is argued by the Attorney General, that as the adulterous co-habitation of unmarried persons, is a direct attack upon the marriage institution and in its results, of the most injurious consequence to society, that it is in this, that the gravamen of the offence consists, and that no words of notoriety are necessary. But, although it be true, that in this consideration the nature and enormity of the offence do principally consist; yet, it is also to be regarded as an offence against the public decency and good morals. It is in this respect that the idea of notoriety becomes a necessary ingredient of the of-fence, and of course, it must appear in its description. The case of The State vs. Cagle & Boling, 2 Hum. R. 414, is not in conflict with this view of the subject, as words of notoriety were employed in the indictment of that case.
Let the judgment be affirmed