## UNITED STATES v. WIGHTMAN.

*(District Court, W. D. Pennsylvania. December 30, 1886.)*

1. OBSCENE PUBLICATIONS—MAILING OBSCENE MATTER—REV. ST. U. S. § 3893.
   A letter, although exceedingly coarse and vulgar, and grossly libelous,—imputing to the person addressed an atrocious crime,—but which has no tendency to excite libidinous thoughts, or impure desires, or to deprave and corrupt the morals of those whose minds are open to such influences, is not "obscene, lewd, or lascivious," within the meaning of the first clause of section 3893 of the Revised Statutes, defining non-mailable matter, etc.[1]

2. SAME—LETTER IN ENVELOPE.
   Whether said clause embraces a letter inclosed in a sealed envelope, bearing nothing but the address of the person to whom it is written, not decided.[1]

Indictment for Mailing Obscene Letters. *Sur* motion in arrest of judgment.

*Wm. A. Stone,* U. S. Atty., for the United States.

*Thomas W. Lloyd,* for defendant.

ACHESON, J. In the view I take of this case, it is not necessary for me to express any opinion upon the unsettled question (*U. S.* v. *Chase,* 27 Fed. Rep. 807) whether the words, "every obscene, lewd, or lascivious book, pamphlet, picture, paper, writing, print, or other publication of an indecent character," as used in the first clause of section 3893 of the Revised Statutes defining non-mailable matter, etc., include an obscene letter inclosed in a sealed envelope, bearing nothing but the address of the person to whom the letter is written; for I have reached the conclusion that neither of the letters which are the subject of this indictment, either in language or import, is "obscene, lewd, or lascivious," within the purview of the statute. According to the well-considered case of *U. S.* v. *Bennett,* 16 Blatchf. 362, the test of obscenity is whether the tendency of the matter is to deprave and corrupt the morals of those whose minds are open to such influences. This, it seems to me, correctly indicates the purport of the word "obscene," as employed in this statute. Like the terms "lewd" and "lascivious," with which it is associated, it implies something tending to suggest libidinous thoughts, or excite impure desires. Now, I do not think that either of the letters under consideration has any such corrupting or debauching tendency. Both letters are exceedingly coarse and vulgar, and one of them is grossly libelous,—imputing to the person addressed an atrocious crime,—but none of these characteristics, nor all combined, are sufficient to bring the letters within the inhibition and penalty of the statute. *U. S.* v. *Smith,* 11 Fed. Rep. 663.

I may add that the word "indecent," in the first clause of section 3893, seems to be confined to the "other publication" declared to be non-mailable. But, at any rate, the term as there employed has been held to mean that which "tends to obscenity," or "matter having that form of

[1] See note at end of case.

indecency which is calculated to promote the general corruption of morals." *U. S.* v. *Bennett, supra.*

The opinion of the court, then, being that the letters in question do not contain anything of an "obscene, lewd, or lascivious" character, within the meaning of the statute, judgment must be arrested; and it is so ordered.

NOTE.

OBSCENE PUBLICATIONS. The test which determines the obscenity or indecency of a publication is the tendency of the matter to deprave and corrupt the morals of those whose minds are open to such influences, and into whose hands such a publication may fall. U. S. v. Bebout, 28 Fed. Rep. 522; U. S. v. Britton, 17 Fed. Rep. 731. A letter which, if it should fall into the hands of an inexperienced or susceptible person, would excite impure thoughts and indecent ideas, is obscene and indecent. U. S. v. Britton, *supra.* An illustrated pamphlet, purporting to be a work on the subject of the treatment of spermatorrhea and impotency, and consisting partially of extracts from standard books upon medicine and surgery, but of an indecent and obscene character, and intended for general circulation, held to come within the provisions of section 3893 of the Revised Statutes. U. S. v. Chesman, 19 Fed. Rep. 497.

As to the application of the statute to the mailing of sealed letters, see U. S. v. Bebout, 28 Fed. Rep. 522, and note.