### UNITED STATES v. WROBLENSKI.

#### (District Court, E. D. Wisconsin. November 5, 1902.)

1. OFFENSE AGAINST POSTAL LAWS—NONMAILABLE MATTER—OBSCENE LETTERS.
    Under that provision of Rev. St. § 3893, as amended by 25 Stat. 496 [U. S. Comp. St. 1901, p. 2658], which makes it a penal offense to mail a private sealed letter containing obscene, lewd, and lascivious matter, there is no question of publication, and, to be within the statute, the letter must tend to corrupt the morals of the person to whom it is addressed, there being no presumption that it was intended to be or will be read by others, and such tendency is dependent upon circumstances, the import and presumed motive, and not upon the mere terms of the communication; a letter which might be in violation of the statute if sent to one person may not be when sent to another.

2. SAME.
    The mailing of a private sealed letter, directed to and containing indecent charges against the mother of the writer, does not constitute the offense of mailing a letter containing obscene, lewd, and lascivious matter, under Rev. St. § 3893.

On motion to quash indictment under section 3893, as amended by 25 Stat. 496 [U. S. Comp. St. 1901, p. 2658], for mailing a letter "of an indecent character," alleged to be "obscene, lewd, and lascivious."

H. K. Butterfield, for prosecution.
A. J. Depp, for defendant.

SEAMAN, District Judge. The letter in question is directed to the mother of the defendant, refers to epithets applied by the former to the latter, and, in effect, charges the mother with adulterous intercourse with a son-in-law. It is atrocious in spirit, and indecent in the plain implications of the language. It is grossly defamatory, but the statute does not intend protection against libels of the person addressed. "The offense aimed at," as held in Swearingen v. U. S., 161 U. S. 446, 450, 16 Sup. Ct. 562, 40 L. Ed. 765, "was the use of the mails to circulate or deliver matter to corrupt the morals of the people," and the terms used in the statute "signify that form of immorality which has relation to sexual impurity, and have the same meaning as is given them at common law in prosecutions for obscene libel." The statute is highly penal, and "should not be held to embrace language unless it is fairly within its letter and spirit." Id., 161 U. S. 451, 16 Sup. Ct. 563, 40 L. Ed. 765. In other words, the tendency must be to corrupt the recipient, and not merely to

¶ 1. Nonmailable matter, see note to Timmons v. U. S., 30 C. C. A. 79.

offend or hurt, as the charge relates to a sealed letter, and is not within the provision concerning nonmailable matter on envelopes or postal cards. The original section (3893) did not in terms include a letter, and the decisions were conflicting whether a sealed letter was within its import, but by the amendment of 1888—25 Stat. 496 [U. S. Comp. St. 1901, p. 2658]—the omission was supplied, setting the question at rest. Of the numerous cases reported under this section, these further citations are deemed sufficient for its definition: Dunlop v. U. S., 161 U. S. 486, 500, 17 Sup. Ct. 375, 41 L. Ed. 799; U. S. v. Wrightman (D. C.) 29 Fed. 636; U. S. v. Clarke (D. C.) 38 Fed. 732; U. S. v. Martin (D. C.) 50 Fed. 918; U. S. v. Males (D. C.) 51 Fed. 41, and cases reviewed; U. S. v. Moore (D. C.) 104 Fed. 78.

The case at bar involves alone the mailing of a "private sealed letter" directed to, and containing indecent charges against, the mother of the writer, and not a publication of the indecent matter. That the statute as amended is applicable to such letter is settled by the decision in Andrews v. U. S., 162 U. S. 420, 423, 16 Sup. Ct. 798, 40 L. Ed. 1023, though previously left in doubt under a remark in U. S. v. Chase, 135 U. S. 255, 262, 10 Sup. Ct. 756, 34 L. Ed. 117. The subject-matter, however, must be "obscene, lewd, and lascivious," within the meaning of the statute as defined in the cases above cited, to sustain the indictment; and the test is whether it panders to lasciviousness, or states or "implies something tending to suggest libidious thoughts or excite impure desires." U. S. v. Wrightman, supra. If it were a publication, or the matter were sent to a young person or a stranger, I am not sure that these definitions would exclude the language or suggestion of the letter. But I am of opinion that the general test is not applicable alike to publications and sealed private letters. In either case the question of violation of the statute rests upon the import and presumed motive, and not upon the mere terms of the communication. Thus its tendency depends upon circumstances, and unexceptionable language may convey vicious information within the statute. Dunlap v. U. S., supra. In the case of a private letter (sealed) there is no publication (U. S. v. Chase, supra), and no presumption arises of intention to give publicity, or that it will be read by others than the addressee. The language or communication may be free from the condemnation of the statute in one instance, while it would clearly fall within it when addressed to other persons. So the inquiry as to the tendency of the letter must be narrowed to its liability to corrupt the addressee, and no such tendency can be imputed to this letter to the mother of the defendant.

The motion to quash the indictment must be sustained accordingly.