## HANSON v. UNITED STATES.

### (Circuit Court of Appeals, Seventh Circuit. November 15, 1907.)

#### No. 1,238.

1. POST OFFICE—MISUSE OF MAILS—STATUTES.

Rev. St. § 3893 [U. S. Comp. St. 1901, p. 2658], declares every obscene lewd, or lascivious book, pamphlet, print, or other publication of an indecent character, or notices giving information for obtaining such publications, to be nonmailable matter, and prescribes a punishment for the use of the mails to transmit or circulate the same. *Held*, that the words "obscene," "lewd," and "lascivious," as used in such section, signify that form of immorality which has relation to sexual impurity, having the same meaning as is given them at common law in prosecutions for obscene libel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, § 50.]

2. SAME—PAMPHLETS.

Accused mailed a pamphlet entitled "Sexual Debility, Its Cause and Cure," containing matter relevant to the title, and another, entitled "Syphilis and Gonorrhea, Their Origin, Effect, and Cure," which was similarly comprehensive of the matters treated of, except that it extended to other venereal diseases. A third pamphlet was entitled "A Guide to Full Pockets," and was intended to attract readers to subscribe for stock in a corporation engaged in selling medicines and prescriptions intended to relieve sexual disorders. *Held* that, though such pamphlets contained vulgar terms and were coarse in expression, they did not, in the absence of a design to pander to lascivious curiosity or corrupt morals, constitute nonmailable matter, under Rev. St. § 3893 [U. S. Comp. St. 1901, p. 2658], prohibiting the mailing of obscene, lewd, or lascivious publications.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, § 50.

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

The plaintiff in error was convicted in the District Court under an indictment in several counts, charging violations of section 3893, Rev. St. [U. S. Comp. St. 1901, p. 2658], in sending nonmailable matter through the mails, and brings this writ of error from the judgment thereupon. The indictment contains five counts, of which the first and second charge the mailing of publications entitled "Sexual Debility, Its Cause and Cure," alleged to be "obscene, lewd, lascivious, and indecent"; the third charges mailing a publication of like nature entitled "Syphilis and Gonorrhea, Their Origin, Effect, and Cure"; and the fourth and fifth charge the mailing of a publication entitled "A Guide to Full Pockets," containing information where the "obscene, lewd, lascivious, and indecent" publications mentioned in the prior counts could be obtained. Numerous errors are assigned upon rulings in the admission and rejection of testimony, inquiries and remarks on the part of the court in the

course of the trial, instructions given and requests denied, and denial of motions to direct a verdict of acquittal under each of the counts. These assignments do not require specification under the view upon which the decision rests, and the nature and matter of the publications involved are sufficiently described in the opinion.

David K. Tone, for plaintiff in error.

Amos W. Marston, for the United States.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The sufficiency of the evidence upon which the verdict rests to authorize conviction under either count of the indictment is the fundamental question to be determined upon this writ of error. It arises under due challenges and motions on behalf of the accused in the trial court, with all the testimony preserved in a bill of exceptions, and no dispute of fact in reference to the publications or their subject-matter. The publication referred to in the first and second counts of the indictment is the main reliance on the part of the government for support of the verdict and judgment, although it is contended, as well, that violation of the statute (section 3893 [U. S. Comp. St. 1901, p. 2658]) appears in the matter charged in the third count, and, predicated upon that view, that further violation appears in mailing information for obtaining such publications as charged in the fourth and fifth counts. The offenses charged against the plaintiff in error are statutory, created by section 3893, Rev. St., as amended (2 U. S. Comp. St. 1901, p. 2658), which declares "every obscene, lewd or lascivious book, pamphlet," print, or "other publication of an indecent character," or notices giving information for obtaining such publications, "to be nonmailable matter," and prescribes fines and imprisonment for use of the mails to transmit or circulate such matter. Whatever of uncertainty appears in these terms, or in want of harmony in their interpretations under the earlier rulings at circuit, the intention and scope of the statute are well defined and established for the purpose of the present review, in Swearinger v. United States, 161 U. S. 446, 450, 16 Sup. Ct. 562, 563, 40 L. Ed. 765. As there stated:

"The offense aimed at * * * was the use of the mails to circulate or deliver matter to corrupt the morals of the people. The words 'obscene,' 'lewd,' and 'lascivious,' as used in the statute, signify that form of immorality which has relation to sexual impurity, and have the same meaning as is given them at common law in prosecutions for obscene libel. As the statute is highly penal, it should not be held to embrace language unless it is fairly within its letter and spirit."

Each of the publications in question purports to be issued by a corporation of Belfast, Me., named the Nutriola Company, engaged in the manufacture and sale of proprietary medicines and treatment of special diseases, with a place of business in Chicago, Ill. The plaintiff in error was the president and manager of the corporation, personally in charge of the business at Chicago; and these facts appear in undisputed testimony: That treatment of the disorders and diseases referred to in the pamphlets was part of the business carried on, with a so-called "medical department," conducted by physicians, who treated

patients, both personally and through correspondence and prescription; that the medicines and means provided by the corporation were for such uses; that both pamphlets in evidence, referred to in the first three counts, were prepared by such physicians for such use, and were mailed only to applicants who were represented or understood to require treatment for one or more of the causes described and prescribed for therein, and were not otherwise circulated; and that each of the applications in evidence under which the mails were used to send these pamphlets fairly imported such requirement. Knowledge or responsibility on the part of the plaintiff in error of the use or mailing of the pamphlet in evidence under the first and second counts—for reasons not material upon the present inquiry—is expressly denied, but responsibility for the pamphlets and transmission referred to in the other counts is undisputed. Assuming, without deciding, that the evidence was sufficient to authorize a finding of responsibility for use of the mails in sending the first mentioned pamphlet, we are of opinion that no violation of the statute appears in such transmission of either of the publications, under the facts described.

The pamphlet shown under the first two counts is entitled "Sexual Debility, Its Cause and Cure," and examination of the context discloses no departure from the subject-matter indicated by the title; and the pamphlet in evidence under the third count is entitled, "Syphilis and Gonorrhea, Their Origin, Effect, and Cure," alike comprehensive of the matters treated of, except that it extends to other venereal diseases. It goes without saying that these vile subjects are repulsive reading, and that their discussion in the lines thus indicated is neither fit for general circulation nor calculated to attract or interest the general reader, young or old. While it is true that both pamphlets abound in vulgar terms and are coarse in expression, we perceive no design or tendency in such use as appears, either in subject-matter or language, to pander to lascivious curiosity or desires or corrupt morals in the sense of the statute as above defined. The remaining pamphlet, complained of in the fourth and fifth counts, while entitled "A Guide to Full Pockets," to attract readers, is plainly and solely directed to advertising the alleged money-making value of the business of the corporation, by way of inducing investment in shares of its stock. No question of fraud in such scheme is involved in the charge, and the contention of nonmailable matter rests alone upon the fact that it mentions (among other publications of the corporation tending to attract patrons) both of the pamphlets above considered, and thus furnishes information for obtaining them. As this contention is untenable under the foregoing view of their subject-matter and purpose, these counts are alike unsupported. We are of opinion, therefore, that the evidence fails to support the conviction thereunder, and that error is well assigned upon the denial of instructions accordingly.

The judgment is reversed, with direction to grant a new trial or discharge of the plaintiff in error as advised.