STATE OF MAINE *vs.* ERNEST BURGESS, App't.

Kennebec.    Opinion January 18, 1924.

*When an offense consists of a series of acts or a habit of life, the complaint or indict-*
*ment may charge the offense in general terms, and the particular acts which*
*establish the guilt of the party need not be stated.*

Being wanton and lascivious in speech and behavior is made a distinct offense
under R. S., Chap. 143, Sec. 6, and the words by which the offense is created
and defined are fully descriptive of it.

On exceptions.    The respondent was arrested on a warrant issued
on a complaint charging him as being "a person wanton and lascivious
in speech and behavior."    Counsel for the respondent filed a general
demurrer which was overruled and the respondent found guilty.
The respondent entered exceptions.    Counsel for the State filed a
motion that the exceptions be adjudged frivolous and intended for
delay which was granted and the case was transmitted to the Chief
Justice under Sec. 55, Chap. 82, R. S.    Exceptions overruled.

The case is fully stated in the opinion.

*Walter M. Sanborn, County Attorney,* for the State.

*Frank Plumstead,* for the respondent.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON,
DEASY, JJ.

CORNISH, C. J.    The complaint and warrant in this case allege
(omitting formal parts) that, "Ernest Burgess of said Oakland in
said County, on the second day of August, 1923, at said Oakland
was a person wanton and lascivious in speech and behavior, against
the peace of the State and contrary to the statute in such case made
and provided."

· The respondent in the Superior Court filed a general demurrer
which was overruled by the presiding Justice and on exceptions to
this ruling the case is before the Law Court.

The statute alleged to be violated and under which this complaint is brought, R. S., Chap. 143, Sec. 6, provides for the imprisonment for a term not exceeding ninety days of various classes of offenders, including rogues, vagabonds, beggars, jugglers, common pipers, fiddlers, runaways, drunkards, night walkers, railers, brawlers and pilferers; "persons wanton or lascivious in speech or behavior" and various others. This is an old statute, somewhat quaint in its phraseology, and has come down in substantially the same form through all the revisions since the establishment of our State. In R. S., 1821, Chap. 111, Sec. 5, this specific clause reads: "wanton and lascivious persons in speech, conduct or behavior." In fact this statute was copied from the old Massachusetts Statute of March 26, 1788.

It is the contention of the respondent that the crime is inadequately set forth in this complaint in that the words and acts which constituted the alleged wantonness and lasciviousness on his part should have been specifically set forth. Such is not the rule of pleading in this class of offenses, where it is the common practice and not the particular words or acts which constitute the crime alleged. It may and doubtless does become necessary to prove the doing of particular acts and the utterance of certain words of a wanton and lascivious nature in order to make out the statutory offense, but these are merely evidence of the general charge and need not be alleged in the complaint. *Commonwealth* v. *Pray*, 13 Pick., 359. Or as well expressed in a head note in *State* v. *Collins*, 48 Maine, 217, "When an offense consists of a series of acts or a habit of life, the indictment may charge the offense in general terms, and the particular acts which establish the guilt of the party need not be stated."

Precedents illustrating this rule are at hand. Thus in case of "a common seller of intoxicating liquors," *Commonwealth* v. *Pray*, 13 Pick., 359, for which a form in general language is prescribed in this State, R. S., Chap. 127, Sec. 54; "A common railer and brawler," under the very statute now under consideration, *Stratton* v. *Commonwealth*, 10 Met., 217, both of which cases are cited and quoted in *Moulton* v. *Scully*, 111 Maine, 428 at 444; "A common drunkard," *Commonwealth* v. *Boon*, 2 Gray, 74; and in *Commonwealth* v. *Parker*, 4 Allen, 313, a case directly in point where the charge was that the respondent was "a lewd, wanton and lascivious person in speech and behavior," that language was held sufficient in the complaint,

and the court say: "It is difficult and perhaps impossible to describe the matter charged against the defendant in more definite or intelligible form than it is in the complaint." (See also Bishop Directions and Forms, Section 157).

The same may be said of the charge in the complaint under consideration. Being wanton and lascivious in speech and behavior is made a distinct offense under our statute, and the words by which the offense is created and defined are fully descriptive of it. They are therefore technically sufficient, and a party can well be charged in the words of the statute. They meet all the requirements of criminal pleading, in that they appraise the respondent of the precise nature of the charge against him; they enable the court to determine whether the facts constitute an offense and to render proper judgment thereon; and the judgment so rendered is a bar to further prosecution for the same offense. *Commonwealth* v. *Pray*, supra. Nothing more is required.

*Exceptions overruled.*
*Judgment for the State.*