### LANE ex rel. CRONIN v. TILLINGHAST, Commissioner of Immigration.

Circuit Court of Appeals, First Circuit.

Feb. 17, 1930.

No. 2426.

John T. Lane, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

This appeal from a decision of the District Court denying habeas corpus involves the right of the immigration authorities to deport Anna Cronin, an alien, who was duly admitted on September 2, 1923, on the ground that she had "within five years after entry * * * [been] * * * sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States." Act of February 5, 1917, 39 Stat. 889, 8 USCA § 155. The record shows that on October 21, 1926, she pleaded guilty to a complaint in the district court of Lawrence, Mass., charging her with being "a lewd, wanton and lascivious person in speech and behaviour, frequenting houses of ill fame and other places of evil repute, the company of lewd persons, and has otherwise conducted herself in a lewd, wanton and lascivious manner, against the peace of said Commonwealth, and contrary to the form of the Statute in such case made and provided;" that she was placed on probation for six months; that she violated the terms of her probation; that on June 29, 1927, after hearing, she was committed to the Massachusetts Reformatory for Women at Framingham for an indeterminate period, and actually remained there for one year, when she was apparently paroled. On her arrest for deportation, she was given a fair hearing, with counsel present. On credible evidence, the finding was made that she had told various police officers that she had had promiscuous sexual intercourse with men at the Plaza Hotel in Lawrence, for money, and divided the proceeds with one Dyer, who sent the men to her. She admitted telling this to the officers; but claimed she then lied. If the evidence was legally admissible to show the nature of her alleged lewdness, of course all questions of credibility were for the immigration officials.

We need not decide whether the evidence of the nature of this alien's lewdness was competent; United States v. Uhl (C. C. A.) 210 F. 861, 863; Tillinghast v. Edmead (C.

C. A.) 31 F.(2d) 81; Ex parte Edmead (D. C.) 27 F.(2d) 438; for we are of opinion that under the statute, G. L. Mass. c. 272, § 53, lewdness connotes moral turpitude.

In Commonwealth v. Wardell, 128 Mass. 52, 54, 35 Am. Rep. 357, the court said: "The word 'lewdness' at common law means open and public indecency; but as used and qualified in the statute it has a broader sense. It was held to mean, as used in other criminal statutes (Gen. Sts. c. 165, § 13; c. 87, § 6), 'the irregular indulgence of lust, whether public or private.'"

Bouvier says: "Lewdness.—That form of immorality which has relation to sexual impurity." Bouv. Law Dict., vol. 2, p. 1938.

Compare Swearingen v. United States, 161 U. S. 446, 451, 16 S. Ct. 562, 40 L. Ed. 765.

The decree of the District Court is affirmed.