STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
EUGENE O. VLIET, PLAINTIFF IN ERROR.

Submitted October 5, 1937—Decided March 21, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the defendant in error, *Orville V. Meslar,* prosecutor of the Pleas of Morris county.

For the plaintiff in error, *King & Vogt (Edmund A. Hays* and *William A. Hegarty,* of counsel).

BROGAN, CHIEF JUSTICE. The plaintiff in error was convicted of lewdness. The defense was an alibi as to the date of the offense and a general denial of the charge.

The first ground upon which a reversal is sought is that the trial court erred in refusing to quash the indictment. The basis of that motion was that since section 51 of the Crimes act (2 *Comp. Stat., p.* 1762) denounces both open and private lewdness as separate offenses against the statute, the indictment was deficient as a matter of law since it did not specify which kind of lewdness was charged. The court held that the indictment sufficiently informed the defendant of the crime with which he was charged and that further particulars, if desired, might have been obtained by demand for bill of particulars. We think this ruling was correct. The indictment follows the language of the statute. This is sufficient. *Graves* v. *State,* 45 *N. J. L.* 203; *State* v. *Cohen,* 108 *Id.* 216. In any event, motions to quash are addressed to the sound discretion of the court. *State* v. *Hegeman,* 13

*Id.* 314, 323; *State* v. *Dayton,* 23 *Id.* 49, 52; *State* v. *Lehigh Valley Railroad Co.,* 90 *Id.* 372, 376; *State* v. *Simon,* 113 *Id.* 521, 526; *affirmed,* 115 *Id.* 207; *State* v. *Then,* 114 *Id.* 415, 417.

Among the assignments of error and specification of causes for reversal, we find one, the ninth, which challenges the charge of the trial judge as error. The passage reads as follows: "You have heard the defense and you are entitled to place such credibility in that as you believe it deserves; and if, in relying upon that testimony, there is created a reasonable doubt in your mind as to his guilt he would be entitled to be acquitted, *if you find he is not guilty beyond a reasonable doubt."* (Italics supplied.)

This is not the correct legal rule. The state has the burden throughout the prosecution of a criminal case to prove the guilt of the defendant beyond a reasonable doubt. The underscored language, we think, placed upon the defendant the burden of showing beyond a reasonable doubt that he was not guilty. It is true that elsewhere in the charge the court laid down the correct rule in this particular for the government of the jury's deliberations, but an erroneous instruction is not cured by the existence of the correct instruction elsewhere in the charge unless the illegal one is withdrawn. *State* v. *Parks,* 96 *N. J. L.* 360. The citation of further authority for this well established rule is unnecessary.

The error complained of here is almost identical to that which brought about a reversal in the case of *State* v. *Sandt,* 95 *Id.* 49. In that case, it is pointed out, and it is equally applicable here, that the jury was told "in substance and effect that they must be satisfied that the men were not guilty beyond a reasonable doubt before they could be acquitted. This put on the defendants the burden of showing that they were innocent beyond a reasonable doubt when by law they were to be assumed innocent until the state overcomes that presumption and established the guilt of the defendants beyond a reasonable doubt."

Where the law is thus incorrectly charged, although it has been correctly stated elsewhere in the court's charge, it puts

the burden upon the jury to determine which part of a contradictory charge is correct, and this is not, and cannot be, a jury's duty under any circumstances. This error, prejudicial to the defendant, requires a reversal.

Since this case will have to be tried again, we think it appropriate to mention one other matter which we find in the record, and which is assigned as error. The defendant says that the trial court erred in refusing to direct a verdict of acquittal at the end of the state's case. Now as we read the record, motion was made for acquittal *as to a certain portion of the indictment*. This motion was based on the fact, as defense counsel pointed out, that there was no testimony to support that portion of the indictment. There was no objection from the state's attorney and the court said that such part of the indictment might be stricken out as surplusage. This, we think, was unnecessary and indeed dangerous to the state's case to undertake to alter the language of an indictment in this fashion at the trial. In effect, all that defense counsel asked for was that the jury be instructed that there was no evidence to justify a conviction on the particular part of the indictment which he pointed out and, since the defendant was entitled to the benefit of the lack of proof in that particular, all that the court was required to do, under the circumstances, was to direct the jury that such part of the indictment had not been proved.

As a result of the deletion in question, the plaintiff in error makes the further argument that the indictment thereby became invalid *in toto*. There is no substance in this point since, in our judgment, the indictment as amended still charged a crime under the statute, *supra*.

The judgment will be reversed, and a *venire de novo* allowed.