## KOA GORA v. TERRITORY OF HAWAII.
### No. 10940.

Circuit Court of Appeals, Ninth Circuit.

Jan. 4, 1946.

Rehearing Denied Feb. 11, 1946.

934

Fred Patterson and E. J. Botts, both of Honolulu, T. H., and Herbert Chamberlin, of San Francisco, Cal., for appellant.

W. Z. Fairbanks, Public Prosecutor, City and County of Honolulu, and John E. Parks, Asst. Public Prosecutor, both of Honolulu, T. H., for appellee.

Before DENMAN, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a decision of the Supreme Court of the Territory of Hawaii, affirming the judgments of two lower courts both of which found appellant guilty of violating Section 6253, Revised Laws of Hawaii, 1935, as amended by Act 88, Session Laws of 1941.

Briefly stated, the facts as testified to in the trial in the Circuit Court are as follows. At about 10:30 a. m., on July 6, 1943, one Arthur Notikai, a shore patrolman with the United States Navy, went to the premises on Kamamalu Street in Honolulu where appellant conducted a rooming house. Notikai, accompanied by a member of the Honolulu Police Department, went there to make an investigation of the place. He entered the premises alone, allegedly looking for a room. Appellant conducted him to a small building on the premises containing a room with shower and toilet. While in this room, appellant unbuttoned Notikai's trousers and laid his hands on his private parts.

The lower courts also found appellant guilty of selling Notikai a pint of liquor in violation of Section 2630, Revised Laws of Hawaii, 1935, but no appeal is taken from that conviction.

Appellant was first tried and found guilty in the District Court of Honolulu before a District Magistrate.[1] He appealed to the Circuit Court of the Territory of Hawaii, was given a trial de novo, and again found guilty.

The statute in question, Section 6253, Revised Laws of Hawaii, 1935, reads as follows: "Any man or woman who is guilty of lewd conversation, lascivious conduct, or libidinous solicitations, shall be punished by imprisonment of not more than one year or by a fine of not exceeding one thousand dollars ($1,000.00) or by both such imprisonment and fine."

The accusation against appellant, as contained in the notice and certificate of appeal from the District Court, reads: "That Koa Gora, at Honolulu, City and County of Honolulu, Territory of Hawaii on the 6th day of July, A.D., 1943, did do that which was lewd and lascivious in conduct, contrary to Section 6253 of the Revised Laws of Hawaii, 1935 * * *."

On this appeal, appellant challenges first, the validity of the accusation under the Sixth Amendment of the Federal Constitution, and the validity of the statute under the Fifth Amendment of the Constitution.

First, as to the accusation, appellant claims that it failed to set forth the alleged offense with reasonable particularity as a

---

[1] Counsel advises us in argument that this court is not a court of record and alleged criminal offenses may be charged orally (with reference to the statute involved). On appeal from this court to the Circuit Court, the District Court prepared a "Certificate of Appeal" to the Circuit Court which is set out infra.

result of which appellant was prevented from adequately preparing his defense. He also argues that because of the form of this charge he cannot plead his conviction in the event of a subsequent prosecution for the same offense. Appellant at no time objected in either of the lower courts to the insufficiency of the information. This objection was raised for the first time on appeal in the Supreme Court of Hawaii.

■ Many courts have held that it is not necessary that the particular lascivious acts be set forth; the charge is sufficient if it merely follows the words of the statute. Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606; Price v. United States, 165 U.S. 311, 17 S.Ct. 366, 367, 41 L.Ed. 727; People v. Carey, 217 Mich. 601, 187 N.W. 261; State v. Burgess, 123 Me. 393, 123 A. 178; People v. Kratz, 230 Mich. 334, 203 N.W. 114; State v. Schumacher, 195 Iowa 276, 191 N.W. 870; Glover v. State, 179 Ind. 459, 101 N.E. 629, 45 L.R.A.,N.S., 473; Kelly v. People 192 Ill. 119, 61 N.E. 425, 85 Am.St.Rep. 323; English v. State, 122 Fla. 77, 164 So. 848; State v. Vliet, 120 N.J.L. 23, 197 A. 894.

■ If in preparing for trial, appellant had felt that a particularization of the alleged lascivious acts was necessary for a proper defense, he could have asked the court for a bill of particulars. Section 5353, Revised Laws of Hawaii, 1935. See Rosen v. United States, supra; Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709; Dunbar v. United States, 156 U.S. 185, 15 S.Ct. 325, 39 L.Ed. 390; Johnson v. United States, 9 Cir., 59 F.2d 42, 44.

Inasmuch as appellant did not at any time either before or during the course of the trial object to the sufficiency of the information, we cannot see how the form of the charge prejudiced the preparation of his defense. It has been held many times that if the defendant fails to object to the sufficiency of the information until after the verdict it will be deemed that he was sufficiently apprised of the nature of the charge against him and the case will not be reversed in the absence of prejudice. Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162; Armour Packing Co. v. United States, 209 U.S. 56, 28 S.Ct. 428, 52 L.Ed. 681; Holmgren v. United States, 217 U.S. 509, 30 S.Ct. 588, 54 L.Ed. 861, 19 Ann.Cas. 778; Durland v. United States, supra; Kirby v. United States, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890; Coates v. United States, 9 Cir., 59 F. 2d 173.

■ In regard to appellant's claim that the charge does not sufficiently protect him from a subsequent prosecution of the same offense, the charge here generally defines the offense. Moreover, in order to protect himself from a second prosecution, appellant may resort to the record and even to oral testimony to prove his prior conviction. Dunbar v. United States, supra, 15 S.Ct. at page 327; Connors v. United States, 158 U.S. 408, 15 S.Ct. 951, 39 L.Ed. 1033; Bartell v. United States, 227 U.S. 427, 33 S.Ct. 383, 384, 57 L.Ed. 583; Capone v. United States, 7 Cir., 56 F.2d 927, 933; United States v. Remington, 2 Cir., 64 F.2d 386. The record in this case would be sufficient to afford any needed particulars of the prior conviction. Any particulars that this charge fails to set forth are matters of form and not of the substance of the crime charged.

■ Appellant's complaint against Section 6253, set out above, is that the phrase "lascivious conduct" "fixes no immutable standard of guilt. The standard is left to the variant views of different courts and juries." Appellant adds that. it is true that the offense of "lascivious conduct" was known to the common law, "and that courts frequently resort to the common law to ascertain the meaning of a statute couched in general terms". See Martin v. United States, 2 Cir., 278 F. 913. Appellant claims, however, that "resort to the common law cannot save said Section 6253. At common law the offense of 'lascivious conduct' had to be 'openly and publicly committed' (State v. Moore, 31 Tenn. 136; 36 Corpus Juris 1038), and so alleged in the accusation (Delany v. People, 10 Mich. 241)."

"Lascivious" is defined by the Supreme Court as "that form of immorality which has relation to sexual *impurity*", [Emphasis supplied] Swearingen v. United States, 161 U.S. 446, 451, 16 S.Ct. 562, 563, 40 L.Ed. 765. Other courts which have construed statutes similar in form and phraseology to the one at bar have had no difficulty in defining the phrase "lascivious conduct". State v. Millard, 18 Vt. 574, 46 Am.Dec. 170; Commonwealth v. Wardell, 128 Mass. 52, 35 Am.Rep. 357, 359; State v. Vliet, supra; State v. Burgess, supra; People v. Ring, 267 Mich. 657, 255 N.W. 373, 375, 93 A.L.R. 993. In State v. Millard, supra, the court laid down the following rule which the

above courts and others have accepted: "No particular definition is given, by the statute, of what constitutes this crime. The indelicacy of the subject forbids it, and does not require of the court to state what particular conduct will constitute the offence. The common sense of the community, as well as the sense of decency, propriety and morality, which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it." See also People v. Kratz, 230 Mich. 334, 203 N.W. 114; 8 R.C.L. § 830.

Nor have the above cases found it necessary to resort to the common law to define lascivious conduct. Under the statutes which the above cases construe, and under the statute before us, lascivious conduct is immorality relating to sexual impurity whether committed publicly or privately, and although the common law required the acts which amount to lascivious conduct to be "public", the common law did not define those acts with any more certainty than do the statutes today. "The sense of decency, propriety and morality, which mose people entertain" in the community is still the test. If the Legislature of Hawaii wishes to make certain acts of sexual *impurity* punishable if committed in private as well as in public, the courts cannot deny the Legislature this right.

Affirmed.