**UNITED STATES of America, Plaintiff,**

v.

**James ALLISON, Lavon Bonner Starks, and Claude Delbert Beavers, Defendants.**

**Cr. No. 11877.**

United States District Court
N. D. California, N. D.
May 20, 1960.

Claude Delbert Beavers, defendant and petitioner, in pro. per.

Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for plaintiff and respondent.

HALBERT, District Judge.

Defendant Claude Delbert Beavers has moved to vacate and set aside the sentence imposed on him by this Court under Count Two of the Indictment on file in this case. Defendant is now being held in the United States Penitentiary at McNeil Island, Washington, under said sentence. This Court has jurisdiction to consider defendant's motion under the provisions of Title 28 U.S.C. § 2255.

Defendant was indicted by the Grand Jury of this Court on four counts in 1957. He plead not guilty, and was convicted on all four counts after a jury trial. He was sentenced to a term of two years in a Federal penitentiary on each of the first two counts, and a year and a day on each of the remaining two counts, all of the sentences to run consecutively. Defendant alleges that, with his "good time" credits, he has now served the time attributable to his sentences under Counts I, III, and IV of the indictment. He contends that Count II of the indictment was insufficient to charge an offense against the United States, and that the Court was without jurisdiction to sentence him after his conviction of that count.

The pertinent portion of the indictment reads as follows:

"The Grand Jury Further Charges:

*Count Two:* That on or about April 30, 1957, in the County of El Dorado, within the Northern Division of the Northern District of California, and within the jurisdiction of this Court, the defendants, James Allison, Lavon Bonner Starks, and Claude Delbert Beavers, made a sugar mash fit for distillation for the production of alcohol on certain premises not duly authorized according to law. (26 U.S.C., 5216a 1)"

Title 26 U.S.C. § 5216(a) (1) provides, in part:

"No mash, wort or wash, fit for distillation or for the production of spirits or alcohol, shall be made or fermented in any building or on any premises other than a distillery duly authorized according to law * * *."

Defendant contends that the phrase "not duly authorized according to law" is inadequate to inform him of the nature of the offense, that the indictment should state by what law the production of alcohol upon the premises in question was not duly authorized. Defendant relies upon decisions holding insufficient indictments which charged the importation of various items "contrary to law" (Steiner v. United States, 9 Cir., 229 F.2d 745; and Babb v. United States, 5 Cir., 218 F.2d 538), as well as the decision in Sutton v. United States, 5 Cir., 157 F.2d 661, in which the indictment charged the

defendant with the possession of rationed sugar in violation of certain ration orders, without setting forth the facts of the offense with sufficient specificity to make available in the future a plea of former jeopardy. The Sutton decision is not in point here, and certainly does not go beyond the Babb and Steiner decisions upon which defendant relies most heavily.

As an initial and fundamental observation, let it be noted that the act charged in Count Two of the indictment on file in this case does specify, with ample particularity, facts sufficient to support a plea of former jeopardy.

The principal props of defendant's argument are the Babb and Steiner decisions. The indictments in those cases were under Title 18 U.S.C. § 545, which provides criminal penalties for anybody who "fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, * * * [etc] * * * such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law."

The indictment, in each of those cases, states, in effect, "These defendants imported goods when they were forbidden to do so by a Federal statute." The indictment could have been rewritten to show what statute was violated by the importation and how. The requirement imposed upon the prosecution by the Babb and Steiner decisions was reasonable and obvious.

■■ Title 26 U.S.C. § 5216, on the other hand, makes it illegal to make a mash, etc., unless there is authorization according to law. If the indictment had charged that defendants were not authorized under such-and-such laws, it would not be clear that there was an offense, for they still might have been authorized under some other law. To violate Title 26 U.S.C. § 5216, defendants must have had no authorization under *any* law. The difference between this case and the Babb and Steiner cases is the difference between a negative and a positive. It is reasonable to require the prosecution to name one specific statute violated, but it would be unreasonable to require it to name many statutes, under none of which defendant's acts were justified. This is particularly so in view of the fact that under the latter procedure, the defendant could still not tell if an offense were charged until he had searched for another statute under which he *was* authorized to make a mash fit for the production of alcohol upon the premises in question.

The instant case is much more nearly like the case of Fippin v. United States, 9 Cir., 162 F.2d 128, than it is like the Babb and Steiner cases. The Court, in the Fippin case, said, at page 131: "It is not necessary that an information or indictment negative every possibility or combination of facts that could technically be a defense. * * * It is sufficient if the facts as stated in the information are definite enough so that the defendant may know of what he is charged and so as to protect him from a subsequent prosecution for the same offense."

Defendant in the instant case was charged with making a sugar mash fit for distillation for the production of alcohol on certain premises not duly authorized according to law—that is, not authorized by any law whatever. If defendant had wished to offer the defense that the distillation of alcoholic spirits on the premises in question was authorized under some law, he should have made that defense. It was not necessary that the indictment anticipate every possible defense based on authorization, and deny each and every one of these defenses prior to their being raised (See: McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301).

■ Where, as here, no attack is made upon the accusatory pleading until after the conviction, every intendment must be indulged in support of the validity of said accusatory pleading (Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Fippin v. United States, supra; Koa Gora v. Territory of

Hawaii, 9 Cir., 152 F.2d 933; and Lucas v. United States, 4 Cir., 158 F.2d 865). Applying this rule to the existing circumstances of this case, it is obvious that there is no merit to defendant's motion.

It Is, Therefore, Ordered that defendant's motion to set aside and vacate the sentence imposed on him under Count Two of the indictment on file in this case be, and it is, hereby denied.