Claude Delbert **BEAVERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17045.**

United States Court of Appeals Ninth Circuit.

Feb. 20, 1961.

828

Laurence E. Dayton, U. S. Atty., San Francisco, Cal., Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges

## PER CURIAM.

Convicted under all four counts of a multiple-count indictment, Claude Delbert Beavers moved under 28 U.S.C.A. § 2255 to set aside the sentence imposed under count two. It was his contention that this count of the indictment failed to allege facts sufficient to constitute any cause of action against him and failed to charge any crime punishable under the laws of the United States. The motion was denied by the district court, and Beavers appeals.

Count two of the indictment alleges as follows:

"*Count Two:* That on or about April 30, 1957, in the County of El Dorado, within the Northern Division of the Northern District of California, and within the jurisdiction of this Court, the defendants, James Allison, Lavon Bonner Starks, and Claude Delbert Beavers, made a sugar mash fit for distillation for the production of alcohol on certain premises not duly authorized according to law. (26 U.S.C., 5216 a 1)"

Title 26 U.S.C. § 5216(a) (1), referred to in this count, reads in part:

"No mash, wort or wash, fit for distillation or for the production of spirits or alcohol, shall be made or fermented in any building or on any premises other than a distillery duly authorized according to law * * *."

Beavers argues that the words "not duly authorized according to law," as used in count two, are insufficient to allege criminal conduct punishable under the laws of the United States "because nowhere is it alleged what law the conduct alleged was unauthorized by or in what respect such conduct was contrary to such law."

For the reasons stated in the memorandum and order of the district judge, entered on May 20, 1960, United States v. Allison, 191 F.Supp. 443, we are of the opinion that appellant's contention is without merit.

Affirmed.