**Matt Eric REDLAND, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 87–199.**

Supreme Court of Wyoming.

Jan. 6, 1989.

Julie D. Naylor, Appellate Counsel, and Steven E. Weerts, Sr. Asst. Public Defender (argued), for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Sylvia Lee Hackl, Sr. Asst. Atty. Gen., and Jerry Williams, Student Intern, Prosecution Assistance Clinic (argued), for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT and MACY, JJ., and BROWN, J., Retired.[*]

CARDINE, Chief Justice.

Appellant was tried and convicted by a jury of aggravated homicide by vehicle, in violation of W.S. 6–2–106(b). On appeal to this court, he contends that he was prejudiced by an erroneous jury instruction which was an incorrect statement of the law. We agree, and the judgment entered must be reversed.

On the evening of November 26, 1986, appellant went to the Tensleep Bar in Tensleep, Wyoming, and met Sharon Kay Meyers. During the course of the evening, appellant consumed a substantial amount of alcohol. Between 1:30 and 2:00 the following morning, appellant and Ms. Meyers left the Tensleep Bar to go to a private party out of town. While driving to this

---

[*] Retired June 29, 1988.

party, appellant lost control of his vehicle, an accident occurred, and Ms. Meyers was ejected from the vehicle. She required emergency medical treatment. Appellant was taken into custody for driving while under the influence of alcohol in violation of W.S. 31–5–233. A breath test and a blood alcohol test were administered, the breath analysis test indicating a .139 blood alcohol content, and the blood test indicating a .1638 blood alcohol content. As a result of the injuries sustained in the accident, Ms. Meyers later died. Appellant was charged with aggravated homicide by vehicle. The statute in effect at the time of this incident read in pertinent part:

"(b) A person is guilty of aggravated homicide by vehicle and shall be punished by imprisonment in the penitentiary for not more than twenty (20) years, if:

"(i) While driving a motor vehicle in violation of W.S. 31–5–233, he causes the death of another person and the violation is the proximate cause of the death * * *." W.S. 6–2–106 (Cum.Supp.1986).

Section 31–5–233 read in pertinent part:

"(a) It is unlawful for any person who is under the influence of intoxicating liquor, *to a degree which renders him incapable of safely driving a motor vehicle,* to drive or have actual physical control of any vehicle within this state." (emphasis added) W.S. 31–5–233 (Cum. Supp.1986).

At trial, over appellant's objection, the court gave the following instruction to the jury:

"Instruction 13

"The phrase 'under the influence of intoxicating liquor,' as used in statute making it an offense to operate a motor vehicle while under the influence of intoxicating liquor means *a condition, caused by the consumption of intoxicants, that makes a person less able, either mentally or physically, or both, to exercise clear judgment, and with steady hands and nerves,* operate an automobile with safety to himself and to the public." (emphasis added)

Three other instructions contained the statutory standard of "incapable of safely driving."

■ Appellant maintains that Instruction 13 incorrectly lowered the standard from *"incapable* of safely driving" to *"less able* * * * to exercise clear judgment * * * with steady hands and nerves."* (emphasis added) We agree that it was error for the court to give the challenged instruction, as there is obviously a substantial difference between a standard of "less able" to safely drive a motor vehicle and "incapable" of safely driving a motor vehicle.

■ Appellee contends that when read with all the other instructions and considered as a whole, the giving of Instruction 13 did not cause prejudice to appellant. We cannot agree. Inconsistent instructions may confuse a jury. As we stated in *State v. Berger,* 72 Wyo. 422, 265 P.2d 1061, 1067–68 (1954):

"Where a charge of the court to the jury has contradictory elements in it this puts upon the jury the burden of determining which Instruction they should follow. As said in *State v. Vliet,* 120 N.J.L. 23, 197 A. 894, 895:

"'Where the law is thus incorrectly charged, although it has been correctly stated elsewhere in the court's charge, it puts the burden upon the jury to determine which part of a contradictory charge is correct, and this is not, and cannot be, a jury's duty under any circumstances.'"

Because there is a reasonable possibility that the jury may not have convicted appellant if it had not considered Instruction 13, appellant must have a new trial. *Jones v. State,* 735 P.2d 699 (Wyo.1987).

The appellant's conviction is reversed, and this case is remanded to the district court for further proceedings consistent with this opinion.

THOMAS, J., files a dissenting opinion and partially joined with BROWN, J., Retired.

BROWN, J., Retired, files a dissenting opinion.

THOMAS, Justice, dissenting.

I disagree with the result of the majority's opinion in this case, and I must dissent.

I join in the dissent of Justice Brown, Retired, insofar as he would find any error to be harmless. I am not so readily persuaded that error exists, but if it does, I agree that it is harmless.

A consideration of the instructions read together discloses that the trial court instructed the jury on the elements of § 31–5–233, W.S.1977 (Nov. 1984 Repl.), because that section is referred to in § 6–2–106(b), W.S.1977 (Cum.Supp.1987), the criminal statute which Redland was convicted of violating. The court stated the third element of the offense described in § 31–5–233, W.S.1977 (Nov. 1984 Repl.), to be:

"3. The defendant was under the influence of intoxicating liquor."

In the accused instruction then, the court chose to define the phrase "under the influence of intoxicating liquor," one of the elements of the offense referred to in § 6–2–106(b), W.S.1977 (Cum.Supp.1987), the criminal statute. As Justice Brown, Retired, points out, these instructions repeatedly advised the jury that they must find that the defendant was under the influence of intoxicating liquor to a degree which rendered him incapable of safely driving a motor vehicle. In context, while the instruction may not have been necessary, I cannot discern error in offering a definition of a phrase used in one of the elements of the offense which the jury must find to have been committed in order to convict of a violation of the statute under which Redland was charged.

I am willing to concede that the instruction was not necessary because the thrust of *Morad v. Wyoming Highway Department*, 66 Wyo. 12, 203 P.2d 954 (1949), is that the phrase "under the influence of intoxicating liquor" simply means "while intoxicated," citing authorities which equate the phrase with intoxication or drunkenness. Since that is a concept about which lay witnesses may offer their opinion when testifying, *State v. Cantrell*, 64 Wyo. 132, 186 P.2d 539 (1947), the concept must be one with which lay people are sufficiently familiar that it requires no definition.

Were I a member of the jury which convicted Redland, however, I would take umbrage at the assumption by the majority that I was so impercipient, or uncomprehending, or foolish as to have been misled by this instruction. Defense counsel established the relationship between Instruction 13 and the elements of the offense of driving while under the influence of intoxicating liquor in his closing argument. The case is summed up by the testimony of the arresting officer, who in the course of discussing his advice of rights to Redland, said that Redland agreed to the appropriate test for intoxication. The officer went on to testify, quoting Redland as follows:

"He says I don't see that there is any reason to do so, you know I'm drunk and I know I'm drunk."

The jury knew that Redland was drunk, too, i.e., he was "under the influence of intoxicating liquor, to a degree which render[ed] him incapable of safely driving a motor vehicle, * * *." Section 31–5–233, W.S.1977 (Nov. 1984 Repl). Under the circumstances, any possible error in the instruction was harmless beyond a reasonable doubt.

BROWN, Retired Justice, dissenting, with whom THOMAS, Justice, partially joins.

Instruction Number 13 served no purpose and should not have been given. However, if it was an error to give the instruction, it was harmless beyond a reasonable doubt.

In the bundle of instructions given, the court consistently told the jury that the state must prove beyond a reasonable doubt that the defendant was under the influence of intoxicating liquor *to a degree which rendered him incapable of safely driving a motor vehicle.* The degree of intoxication that must be proved was repeated three times in Instruction No. 9, three times in Instruction No. 11 and mentioned for the seventh time in Instruction No. 14.

After the focus and stress placed on the key phrase, "to a degree which rendered him incapable of safely driving," it is inconceivable that the jury was misled into con-

sidering a lesser degree of intoxication than the statute required.

This court examines instructions in their entirety when it is called upon to decide whether instructions are erroneous. They must be considered as a whole and not according to isolated phrases and paragraphs.

*Scheikofsky v. State,* 636 P.2d 1107, 1111 (Wyo.1981) (citation omitted).

Instruction No. 13 does no more than attempt to explain or define the term "under the influence." It does not dilute or change in any way the definition of degree of intoxication required to be proved, that is, "to a degree which rendered him [appellant] incapable of safely driving a motor vehicle." This unfortunate instruction does no more than "gild the lily."

I would affirm the conviction.