## UNITED STATES *v.* LIMEHOUSE.

No. 513.   Argued February 25, 26, 1932.—Decided April 11, 1932.

Mr. *Claude R. Branch*, with whom *Solicitor General Thacher, Assistant Attorney General Dodds*, and *Mr. W. Marvin Smith* were on the brief, for the United States.

*Messrs. William C. Wolfe* and *John P. Grace* for appellee.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Section 211 of the Criminal Code declares unmailable, " every obscene, lewd, or lascivious, and every filthy, book, pamphlet, picture, paper, letter, print, or other publication of an indecent character"; and provides that " whoever shall knowingly deposit, or cause to be deposited for mailing and delivery " any such unmailable matter " shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both."

Under this statute Limehouse was indicted in the federal court for eastern South Carolina. The indictment contained thirty counts, each charging the unlawful deposit of " a certain filthy letter and writing in a certain post office." Each set forth *verbatim* a separate letter. The letters contained much foul language; charged the addressees or persons associated with them with sexual immorality, and in some cases charged miscegenation and similar practices. They were coarse, vulgar, disgusting, indecent; and unquestionably filthy within the popular meaning of that term. On the ground that no letter was obscene, lewd or lascivious within the meaning given to those terms in *Swearingen* v. *United States*, 161 U. S. 446, the District Court sustained a demurrer and quashed the indictment. The case is here by direct appeal under the Criminal Appeals Act as amended.[1] We are of opinion that the judgment should be reversed.

[1] See Acts of March 2, 1907, c. 2564, 34 Stat. 1246; February 13, 1925, c. 229, 43 Stat. 936, 938; January 31, 1928, c. 14, 45 Stat. 54; and April 26, 1928, c. 440, 45 Stat. 466.

426

In *Swearingen* v. *United States,* decided in 1896, the indictment was under Revised Statutes § 3893, which made unmailable only "obscene, lewd, or lascivious" matter. This Court, being of opinion that those words should be given the meaning attributed to them at common law in prosecutions for criminal libel, directed that the judgment of conviction be reversed, because the language used was not "calculated to corrupt and debauch the mind and morals of those into whose hands it might fall" and induce sexual immorality. 161 U. S. at 451. The indictment here under review contains no reference to "obscene, lewd, or lascivious." The charge is of depositing "a certain filthy letter." It is brought under the amendment to § 3893 of the Revised Statutes made by § 211 of the Criminal Code, Act of March 4, 1909, c. 321, 35 Stat. 1088, 1129, which inserted the words, "and every filthy." Now the clause reads "every obscene, lewd, or lascivious, and every filthy, book, . . . letter."

The lower court failed to recognize that the amendment introduced, not merely a word, but a phrase. Disregarding the collocation of the words, it treated the amended clause as if it had read "obscene, lewd, lascivious, or filthy;" and then, applying the doctrine of *noscitur a sociis,* gave to "filthy" the meaning attributed in the *Swearingen* case to the words "obscene, lewd, or lascivious." Thus, the court emptied the amendment of all meaning. We think that it is a more natural reading of the clause to hold that by the amendment Congress added a new class of unmailable matter,—the filthy.[2] The let-

[2] For the legislative history of the amendment see Senate Doc. No. 68, Pt. 2, p. XVI, Cong. Docs. 4227, 4228, 57 Cong. 1st Sess., Senate Docs. Vols. 9, 10; House Report No. 2, Pt. 1, p. 2, 60th Cong., 1st Sess., Cong. Doc. 5225; Final Report, 1906, U. S. Commission to Revise the Laws, Vol. 1, p. 107 under § 8845, Vol. 2 (proposed bill), p. 1813; Senate Report No. 10, Pt. 1, p. 22, Pt. 2, p. 230, "Sec. 212," 60th Cong., 1st Sess., Cong. Doc. 5220; House Report No. 2, Pt. 1, p. 22, 60th Cong., 1st Sess., Cong. Doc. 5225; 42 Cong. Rec., Pt. 1, pp. 539–542, 564, 995–999; *id.,* Pt. 3, pp. 2391–2392; Vol. 43, Pt. 1, pp. 283–284, 2649; *id.,* Part 4, pp. 3217–18.

ters here in question plainly relate to sexual matters. We have no occasion to consider whether filthy letters of a different character fall within the prohibition of the Act.

*Reversed.*

Mr. Justice McReynolds thinks the judgment should be affirmed.

Mr. Justice Cardozo took no part in the consideration or decision of this case.