## CAMPBELL v. MEDALIE.
### No. 366.

Circuit Court of Appeals, Second Circuit.
June 18, 1934.

Frederick B. Campbell, of New York City (Paul C. Whipp and Lounsbury D. Bates, both of New York City, of counsel), for appellant.

Martin Conboy, U. S. Atty., of New York City (Francis H. Horan and Edward J. Ennis, Asst. U. S. Attys., all of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

It is attempted by this suit to enjoin the appellee from continuing to prosecute the appellant under the first count of an indictment, returned on October 5, 1933, for violation of the Act of March 9, 1933, c. 1 (48 Stat. 1), and violation of executive order of the President of August 28, 1933 (No. 6260 [12 USCA § 95 note]). While the appellant was prosecuting a suit to enjoin the Chase National Bank from turning over gold bul-

lion to the government authorities, a cause decided by us this day [71 F.(2d) 669], he was indicted September 28, 1933, by the grand jury on two counts. On October 5 a superseding indictment was returned. It charges a violation of the Act of March 9, 1933, for failure to file a return. By that act the President, having declared a national emergency to exist, may "investigate, regulate, or prohibit, under such rules and regulations as he may prescribe * * * hoarding, melting, or earmarking of gold or silver coin or bullion * * * by any person within the United States; * * * and the President may require any person engaged in any transaction referred to in this subdivision to furnish under oath, complete information relative thereto. * * *" 50 USCA appendix § 5. For a willful violation of this statute, fine and imprisonment or both may be imposed. The Executive Order of April 5, 1933 (No. 6102 [12 USCA § 248 note]) declared a national emergency, and prohibited the "hoarding of gold coin, gold bullion * * * within the continental United States," and prescribed regulations for carrying out the purposes of the order. The Executive Order of August 28, 1933 (No. 6260 [12 USCA 95 note]) declared "that a period of national emergency exists," and prescribed provisions for the regulation of the hoarding of gold bullion by any person within the United States. Section 3 of the order required a return to be made under oath to the Secretary of the Treasury by every person having gold bullion and a filing of the return with the collector of internal revenue in the district of residence. The returns therein specified were required within fifteen days, but the time was extended until September 18, 1933. Section 10 provided for fine and imprisonment for willful violation of the executive order, and by this latter executive order, the prior executive order of April 5 was revoked. It is conceded that appellant did not comply with the executive order. On September 16, 1933, he demanded of the Chase National Bank the delivery and return to him of the bars of gold, which demand was refused. September 26, 1933, he filed a bill against the bank praying for a decree that the bank be ordered and directed to deliver to him his gold bullion.

■ A bill in equity to enjoin the prosecution of this indictment will not lie. This is but a single prosecution, and no other is threatened. If appellant, a lawyer, be convicted, he may be disbarred, but that is insufficient reason for a court of equity to interfere with the normal prosecution of a criminal indictment. If the indictment be bad or the statute, for any reason suggested by the appellant, be unconstitutional, his remedy at law is still adequate and sufficient. The usual purpose of a suit in equity is the protection of rights of property. An injunction will be granted only where the facts disclose the likelihood of immediate and irreparable damage to property. Cline v. Frink Dairy Co., 274 U. S. 445, 47 S. Ct. 681, 71 L. Ed. 1146; Tyson v. Banton, 273 U. S. 418, 47 S. Ct. 426, 71 L. Ed. 718, 58 A. L. R. 1236; Terrace v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255; Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764.

■ The general rule has often been stated that a court of equity is without jurisdiction to restrain criminal proceedings. The exception to this rule exists when the prevention of such a proceeding under an alleged unconstitutional enactment is essential to safeguard the rights of property or when the circumstances are exceptional and the danger of irreparable loss is both great and immediate. Cline v. Frink, supra. Indeed it was said in Terrace v. Thompson, 263 U. S. 197, 214, 44 S. Ct. 15, 17, 68 L. Ed. 255, that "The unconstitutionality of a state law is not of itself ground for equitable relief in the courts of the United States." If there is a plain and adequate and complete remedy at law, the court of equity never takes jurisdiction. To be sure an equity court will exercise jurisdiction to enjoin a threatened enforcement of a state law which contravenes the Federal Constitution "wherever it is essential in order effectually to protect property rights and the rights of persons against injuries otherwise irremediable; and in such a case a person, who is an officer of the state is clothed with the duty of enforcing its laws and who threatens and is about to commence proceedings, either civil or criminal, to enforce such a law against parties affected, may be enjoined from such action. * * *" Terrace v. Thompson, supra. Where the criminal statute involved operates to cripple a course of business by threatening a multiplicity of criminal prosecutions or by imposing repeated heavy fines or penalties or involves situations where the person seeking equity is not in a position to try the issue in a criminal prosecution, the court will entertain jurisdiction. Hygrade Provision Co. v. Sherman, 266 U. S. 497, 45 S. Ct. 141, 69 L. Ed. 402; Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131; Ex parte Young, 209 U. S. 163, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764. But no such reasons are presented here. There is but one

prosecution, and, if the statute relied upon in that prosecution should prove to be unconstitutional, there is a complete defense for the appellant, and, since he does not come within any of the exceptions to the general rule that equity will not enjoin a criminal prosecution, his bill must fail. Fenner v. Boykin, 271 U. S. 240, 46 S. Ct. 492, 70 L. Ed. 927; Davis & Farnum Mfg. Co. v. Los Angeles, 189 U. S. 207, 23 S. Ct. 498, 47 L. Ed. 778; Milliken v. Stone, 16 F.(2d) 981 (C. C. A. 2). To entertain this bill because appellant claims conviction will result in disbarment would form an unfortunate precedent for interference in criminal prosecutions. Such penalty of disbarment would follow in any other prosecution for a felony. The scope of equity jurisdiction does not extend to pending criminal actions merely for the protection of such a right. Constitutionality of the statute and orders forming the basis of this indictment must be litigated in a criminal prosecution.

Decree affirmed.