**REBHUHN et al. v. CAHILL, U. S. Atty.**

District Court, S. D. New York.
May 22, 1939.

S. John Block, of New York City, for plaintiffs.

John T. Cahill, U. S. Atty. for the Southern District of New York, of New York City (Richard Delafield and Boris Kostelanetz, Asst. U. S. Attys., both of New York City, of counsel), for defendant.

Before CLARK, Circuit Judge, and LEIBELL and CLANCY, District Judges.

PER CURIAM.

On November 26th, 1935, an indictment was filed naming Ben Rebhuhn, Anne Rebhuhn and Ben Raeburn as defendants, charging them in fourteen counts with a violation of 18 U.S.C. § 334, 18 U.S.C.A. § 334, in that they sent obscene matter through the mails, and in one count with conspiracy to violate the said statute. This indictment has been pending since that time. The defendants have not demurred to the indictment.

On May 17th, 1939, plaintiffs herein filed a summons and complaint in the District

Court of the United States for the Southern District of New York naming John T. Cahill, United States Attorney, as defendant and praying for a permanent injunction enjoining the defendant and his associates from prosecuting the indictment on the ground that the statute under which the indictment was drawn is unconstitutional and on the further ground that the prosecution of such indictment would cause irreparable injury to these plaintiffs. An amended complaint pleading an additional paragraph (thirtieth) was filed May 19th, 1939.

On May 17th, 1939, plaintiffs obtained an order to show cause why a temporary restraining order should not be granted in this action. The order was returnable May 19th, 1939. The District Attorney has waived the five days' notice of the application for the temporary restraining order. At the request of the District Judge before whom the order to show cause was returnable, the Senior Circuit Judge of this Circuit has directed that a statutory court be held, pursuant to 28 U.S.C. § 380a, 28 U.S.C.A. § 380a, to pass upon the constitutionality of 18 U.S.C. § 334, 18 U.S.C.A. § 334, the issue raised in this action.

■ The prosecution of a criminal indictment will not be restrained by the courts unless very exceptional circumstances are presented. Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146; Campbell v. Medalie, 2 Cir., 71 F.2d 671; Jacob Hoffman Brewing Co. v. McElligott, 2 Cir., 259 F. 525. In Campbell v. Medalie, supra, the Court said [71 F.2d 672]:—"The general rule has often been stated that a court of equity is without jurisdiction to restrain criminal proceedings. The exception to this rule exists when the prevention of such a proceeding under an alleged unconstitutional enactment is essential to safeguard the rights of property or when the circumstances are exceptional and the danger of irreparable loss is both great and immediate. * * * Where the criminal statute involved operates to cripple a course of business by threatening a multiplicity of criminal prosecutions or by imposing repeated heavy fines or penalties or involves situations where the person seeking equity is not in a position to try the issue in a criminal prosecution, the court will entertain jurisdiction. Hygrade Provision Co. v. Sherman, 266 U.S. 497, 45 S.Ct. 141, 69 L.Ed. 402; Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 [L.R.A.1916D, 545, Ann. Cas.1917B, 283]; Ex parte Young, 209 U.S. 163, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R. A.,N.S., 932, 14 Ann.Cas. 764."

■ In the instant case, despite the allegations of paragraph thirtieth of the amended complaint, there are actually no facts presented to warrant an order restraining prosecution of the indictment. There is no evidence of possible multiplicity of suits. Only one indictment has been returned in three and one-half years and there is no indication of any further indictments. The first thirteen counts of the indictment charge these plaintiffs with having mailed "an obscene, lewd, lascivious, filthy and indecent circular, letter, advertisement and notice" describing "certain books of an obscene, lewd, lascivious, filthy and indecent character" and giving "information where, and how, and from whom and by what means" such books might be obtained. The fourteenth count relates to a similar advertisement in a magazine entitled "The Gentlewoman." The plaintiffs have conducted their business during the pendency of this prosecution without apparent injury or undue interference. No facts or specific instances have been shown which would indicate that plaintiffs have been threatened with further prosecution or that irreparable damage will result to these plaintiffs from the prosecution of the indictment pending against them. General allegations on information and belief will not do. The constitutionality of the statute may be questioned at the trial of the pending indictment; plaintiffs have an adequate remedy at law.

■ On the question of the constitutionality of 18 U.S.C. § 334, it is urged that the statute does not contain a standard by which the crime can be ascertained. The same objection was made in the case of Tyomies Pub. Co. v. United States, 6 Cir., 211 F. 385. The Court rejected the argument saying (211 F. at page 388):

"With the addition of certain elements which do not vary the test to be applied, section 211 of the Penal Code is essentially the same as section 3893 of the Revised Statutes of the United States (U.S.Comp. St.1901, p. 2658 [18 U.S.C.A. § 334]), concerning which Mr. Justice Harlan, in the case of Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606, said:

"'The inquiry under the statute is whether the paper charged to have been obscene, lewd, and lascivious was in fact

of that character; and if it was of that character, and was deposited in the mail by one who knew or had notice at the time of its contents, the offense is complete, although the defendant himself did not regard the paper as one that the statute forbade to be carried in the mails. Congress did not intend that the question as to the character of the paper should depend upon the opinion or belief of the person who, with knowledge or notice of its contents, assumed the responsibility of putting it in the mails of the United States. The evils that Congress sought to remedy would continue and increase in volume if the belief of the accused as to what was obscene, lewd, and lascivious was recognized as the test for determining whether the statute has been violated. Every one who uses the mails of the United States for carrying papers or publications must take notice of what, in this enlightened age, is meant by decency, purity, and chastity, in social life, and what must be deemed obscene, lewd, and lascivious.'

"The specific argument that the criminality of the act charged is made to depend, not upon a clear expression of the statute, but upon standards personal to the jurors unknown at the time the act was committed, is answered by what was said in Nash v. United States, 229 U.S. 373, 376, 377, 33 S.Ct. 780, 57 L.Ed. 1232."

See, also, Coomer v. United States, 8 Cir., 213 F. 1; Magon v. United States, 9 Cir., 248 F. 201.

The meaning of the words "obscene," "lewd" and "lascivious" was before the United States Supreme Court in Swearingen v. United States, 161 U.S. 446, 16 S.Ct. 562, 563, 40 L.Ed. 765, and they were defined as follows: "The words 'obscene,' 'lewd,' and 'lascivious,' as used in the statute, signify that form of immorality which has relation to sexual impurity, and have the same meaning as is given them at common law in prosecutions for obscene libel."

The Swearingen case decided in 1896 involved a construction of § 3893 Revised Statutes (now § 334 of Title 18 U.S.C.A.) prior to the amendment of March 4th, 1909, which inserted the words "and every filthy" so that the clause then read "every obscene, lewd, or lascivious, and every filthy book * * * letter." In discussing that amendment in United States v. Limehouse, 285 U.S. 424, at page 426, 52 S.Ct. 412, 76 L.Ed. 843, Mr. Justice Brandeis wrote: "The lower court failed to recognize that the amendment introduced, not merely a word, but a phrase. Disregarding the collocation of the words, it treated the amended clause as if it had read 'obscene, lewd, lascivious, or filthy'; and then, applying the doctrine of noscitur a sociis, gave to 'filthy' the meaning attributed in the Swearingen case to the words 'obscene, lewd, or lascivious.' Thus, the court emptied the amendment of all meaning. We think that it is a more natural reading of the clause to hold that by the amendment Congress added a new class of unmailable matter—the filthy. The letters here in question plainly relate to sexual matters. We have no occasion to consider whether filthy letters of a different character fall within the prohibition of the Act."

Plaintiffs urge that said statute in effect delegates legislative powers to each court and jury that have occasion to apply the statute, and that therefore the statute, in respect to any specific indictment, becomes in effect an ex post facto law. The contention is refuted by the above quoted clear definitions of the terms of the statute, as made in the decisions of our highest court.

Nor is the statute in derogation of the constitutional guaranty of a free press. As was stated in the Tyomies Pub. Co. case, supra, (211 F. page 388): "The constitutional guaranty of a free press cannot be made a shield from violation of criminal laws which are not designed to restrict the freedom of the press, but to protect society from acts clearly immoral or otherwise injurious to the people. Ex parte Jackson, 96 U.S. 727, 736, 24 L.Ed. 877; In re Rapier, 143 U.S. 110, 133, 134, 12 S. Ct. 374, 36 L.Ed. 93; Public Clearing House v. Coyne, 194 U.S. 497, 506, 24 S. Ct. 789, 48 L.Ed. 1092; Knowles v. United States, 170 F. 409, 411, 95 C.C.A. 579; United States v. Journal Co. (D.C.) 197 F. 415, 418."

Plaintiffs' delay of three and one-half years in bringing this action, and in making an application for an injunction enjoining the trial of the indictment, indicates that an injunction is not essential to the safeguarding of their rights of property and that there is no danger of irreparable loss both great and immediate, requiring the interposition of a court of equity. The District Attorney has filed answering affidavits on this motion, to which are attached copies of two letters sent to plain-

tiffs' attorney. One letter, dated March 22d, 1939, notified plaintiffs' attorney that the trial on the indictment would be held April 24th, 1939. At the request of plaintiffs' attorney, it was agreed, on April 4th, that the trial should be adjourned to May 22d. On April 21st, 1939, a letter confirming that arrangement for an adjournment to May 22d, 1939, was sent by the District Attorney to the plaintiffs' attorney, from which the following is quoted: "My agreement to this adjournment is based entirely on your assertion that you will be ready to go ahead with the case on that day. I expect to have a Part available for the case at that time." It was not until May 17th, 1939, that this application for a temporary injunction, staying the trial under the indictment, was made.

The Court is filing with this opinion, its findings of fact and conclusions of law and an order denying the application for an injunction pendente lite. Plaintiffs' application for a stay pending appeal is also denied.