## VERNER v. UNITED STATES.
### No. 12388.

United States Court of Appeals
Ninth Circuit.
June 26, 1950.

Allan Pomeroy and Ernest R. Cluck, Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., Vaughn Evans, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BIGGS, HEALY and POPE, Circuit Judges.

BIGGS, Circuit Judge.

The appellant, Verner, was found guilty on an indictment of two counts charging him with violation of Section 1461 of Title 18, United States Code, because he mailed in envelopes addressed to two certain persons, "a lewd, lascivious and filthy letter". He was found guilty on both counts by a jury and was sentenced to serve a year on each count at the Federal Prison Camp at McNeil Island, the sentences to run concurrently. He has appealed.

The pertinent statute is plain and unambiguous on its face.[1] It is clear and not disputed that Verner mailed the letters, each identical in context, to the persons named in the respective counts of the indictment. He raises but two questions on this appeal. Both were before the court below and were resolved against the defendant as must be the case here. Verner contends, first, that the court below erred in overruling his timely motion for dismissal of the indictment, his motion for a directed verdict of acquittal and his motion for judgment of acquittal, or, in the alternative, for a new trial. He asserts, second, that the failure of the court to admit the testimony of the two persons receiving the letters as to the

---

1. Section 1461 of Title 18, United States Code, provides in pertinent part, "Every obscene, lewd, lascivious, or filthy book, * * * paper, letter, . * * * is declared to be nonmailable matter. * * * Whoever knowingly deposits for mailing or delivery, anything declared by this section to be nonmailable, * * * shall be fined not more than $5,000 or imprisoned not more than five years, or both * * * ."

effect of its contents on them constitutes reversible error. To dispose of these questions a discussion of the intent of Congress in enacting the pertinent statute is necessary as is some background of fact.

The fundamental proposition upon which Verner rests his appeal lies in a contention that the letters were not obscene, lewd, lascivious or filthy. Their contents need not be set out in this opinion. It is enough to say that by the letter Verner attacked the chastity of a former paramour and the letter contained a lewd suggestion concerning her to the man to whom the letter was mailed. The other letter was mailed to a woman. Both recipients were strangers to Verner. It is clear that Verner was in an unbalanced emotional state when he wrote and mailed the letters and it was his intention to destroy his former paramour's reputation and possibly to deprive her of legitimate employment. Viewed objectively, the letters were obscene, lewd and "filthy" as those terms are used in common parlance. The defendant endeavored to offer evidence that the male recipient was a former policeman and that the letter could not induce him to commit any act of sexual immorality. A similar offer of evidence to show that the woman recipient was similarly unaffected. was also made. All such evidence was rejected by the trial court.

We come now to the principles of law involved. The leading case on this subject was and is United States v. Limehouse, 285 U.S. 424, 52 S.Ct. 412, 76 L.Ed. 843. In that case Mr. Justice Brandeis made clear the fact that the amendment to Section 3893 of the Revised Statutes effected by Section 211 of the Criminal Code, Act of March 4, 1909, c. 321, 35 Stat. 1088, 1129, had added to the reach of the statute " * * * a new class of unmailable matter —the filthy".[2] The letters in the Limehouse case like those at bar related to sexual matter and had no useful purpose. In view of the Limehouse case it is clear that the letters in the instant case were "filthy" within the meaning of the statute.

The letters in the instant case

were "non-mailable" material proscribed by the statute. The letters were non-mailable material if they had a tendency to deprave or corrupt the morals of those who would receive them. This supplies the test and that test was met by the evidence. This court so held in Burstein v. United States, 9 Cir., 1949, 178 F.2d 665, 667. See also Magon v. United States, 9 Cir., 248 F. 201, 203, and Duncan v. United States, 9 Cir., 48 F.2d 128, 132. The actual effect on the minds of the recipients of the letters is not material. The offense was complete when the letters were placed in the mails by Verner. This has been the law, at least since 1897 and the decision in Price v. United States, 165 U.S. 311, 17 S.Ct. 366, 41 L.Ed. 727. In the cited case the offending mail was received by a postal inspector, a person assuredly inured to the effect of filthy, lewd and obscene material. It follows that the court below did not err in excluding from the consideration of the jury testimony as to the effect of the letters on the minds and conduct of the recipients. See United States v. Becker, 2 Cir., 62 F.2d 1007 and Weathers v. United States, 5 Cir., 117 F.2d 585.

The personal motive of Verner in mailing the letters was immaterial. United States v. Dennett, 2 Cir., 39 F.2d 564, 76 A.L.R. 1092. It was demonstrated to the satisfaction of the jury in the case at bar that he intended to mail and did mail the letters. The intent requirement of the statute was fully met.

It follows that Verner's conviction was proper. The indictment stated a cause of action and the case against him was proved fully. The court below did not err in denying his motions, hereinbefore referred to, and did not exclude evidence which Verner was entitled to have go to the jury. The court's charge to the jury was a model of clarity and was in complete accord with the principles enunciated by this court in the Burstein case. See 178 F.2d at page 666. There was no error in the proceedings below.

The judgment appealed from is affirmed.

2. See the legislative history of the amendment set out at 285 U.S. at page 426 at note 252 S.Ct. at page 412, cited to the text.