**Arthur LEM, Plaintiff,**

v.

**William P. ROGERS, as Attorney General of the United States, Cornelius W. Wickersham, Jr., as United States Attorney, Eastern District of New York, and P. A. Esperdy, District Director Immigration and Naturalization Service, Defendants.**

Civ. 19997.

United States District Court
E. D. New York.

Nov. 2, 1959.

446

Steinberg, Friedman & Blau, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. of New York, Brooklyn, N. Y., for the United States.

Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BRUCHHAUSEN, Chief Judge.

Motion for dismissal of the complaint upon the grounds of lack of jurisdiction over the subject matter and failure to state a legal claim.

While the complaint is verbose, the claim therein can be simply stated. The plaintiff alleges that he is a citizen of the United States by virtue of a certificate of derivative citizenship, issued to him by the Commissioner of Immigration and Naturalization, pursuant to statute; that an indictment has been filed against him in this district, charging him with various offenses, including fraud in procuring citizenship and failing to register as an alien; that the criminal charges constitute a collateral attack upon his status as a citizen; that the defendants should be enjoined from prosecuting the plaintiff and should submit the issues of citizenship and related matters for determination administratively and/or in civil court proceedings.

There are a number of legal impediments to the plaintiff's position. I deem it necessary to dwell upon but one. The plaintiff submits no authority, justifying his selection of civil jurisdiction of issues involved in the criminal proceeding.

The case of Campbell v. Medalie, 2 Cir., 71 F.2d 671, certiorari denied 293 U.S. 592, 55 S.Ct. 108, 79 L.Ed. 686, cited by the defendants, completely refutes the plaintiff's contention on this point.

Motion granted. Submit order.