Robert H. CAIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17954.

United States Court of Appeals
Fifth Circuit.

Feb. 12, 1960.

Grove Stafford, Jr., Alexandria, La.,
for appellant.

T. Fitzhugh Wilson, U. S. Atty.,
Shreveport, La., for appellee.

Before RIVES, Chief Judge, and
HUTCHESON and JONES, Circuit
Judges.

HUTCHESON, Circuit Judge.

Appellant, defendant below, was found
guilty, on each of Counts One and Three
of a four-count indictment, of sending
through the mails, in violation of 18 U.S.
C.A. § 1461, for delivery to the ad-
dressee, an indecent, filthy, and vile let-
ter, and not guilty on each of Counts
Two and Four, in violation of 18 U.S.
C.A. § 876 of depositing for mailing and
delivery to the addressee a communica-
tion containing a threat to injure the
person of the addressee. His motions for
acquittal notwithstanding the verdict
and in arrest of judgment, on the ground
that the mailing of the letters could not,
and did not, constitute a crime or offense
against the United States Government
for the reason that, while the letters did
contain coarse, violent and shocking lan-
guage, they were not indecent, filthy, and
vile, as charged, and their sending could
not support the conviction, were denied,

and he was sentenced to one year on each of the two counts, the sentences to run concurrently, and the execution thereof suspended.

Appealing from the conviction and sentence, defendant is here insisting: that the court committed reversible error (1) in denying his motions for acquittal and in arrest; (2) in refusing to give in charge to the jury defendant's requested charges; (3) in not granting a mistrial because of the district attorney's statement in argument: "I tell you that man is a fiend. He is a man that is not safe to be among ordinary human beings. We don't know what he might do."; and (4) in denying defendant's plea of former jeopardy.

In support of his primary position, appellant asserts that, while the letters were admittedly coarse, vulgar, and shocking, they were not indecent, filthy and vile, in the sense of obscene, as that term is defined and applied in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, and, therefore, do not violate Section 1461, Title 18.

In further support of his views, he invokes Swearingen v. United States, 161 U.S. 446, 16 S.Ct. 562, 40 L.Ed. 765, a decision under a different statute from that under which this prosecution is brought, and United States v. Keller, 3 Cir., 259 F.2d 54, a prosecution under Section 1463, for sending postcards through the mails, and three cases dealing with the unsuccessful efforts of the Postmaster General to exclude books or other publications from the mails. The first of these is Grove Press, Inc. v. Christenberry, D.C., 175 F.Supp. 488. In it the district judge gives his imprimatur, as a literary gem, to the publisher's unexpurgated version [1] of Lady Chatterley's Lover. The other two, One, Incorporated v. Olesen, 355 U.S. 371, 78 S.Ct. 364, 2 L.Ed.2d 352, and Sunshine Book Co. v. Summerfield, 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352, are each one sentence per curiam opinions reversing, on the authority of Roth v. United States, supra, the action of the lower courts. Since it is not claimed that the letters in question in this case served any useful purpose or had literary merit, indeed it is conceded that they did not have, it is quite obvious that these three cases are without bearing here and, for the purpose of this opinion, need not be either approved or disapproved by us.

Arguing that the letters are crass expressions of an abusive nature, written in anger, which are so revolting that they would be more apt to fill his girl friend's heart with hate than lust, indeed so repulsive as to be considered ludicrous, appellant urges upon us, in reliance on Swearingen's case, supra, that the conviction cannot be sustained without doing violence to clearly settled principles of law.

On its part, the United States argues that, by any standard of opinion and by any accepted or acceptable definition, the letters, which deal in a shockingly gross and sensual way with sexual matters, are indecent, filthy, and vile, and their deposit in the mails constitutes a crime, in violation of the language of the statute and the basic purpose of Congress, which was to protect the mails from use for just such communications. So arguing, it insists that whether they were written in lust or anger, or whether they did or did not have the effect of exciting lustful thoughts in the person to whom they were addressed, is wholly immaterial.

In support, it relies on United States v. Limehouse, 285 U.S. 424, 52 S.Ct. 412, 76 L.Ed. 843, where the defendant was indicted in thirty counts, each charging the mailing of a separate filthy letter, in which the court, with Justice Brandeis

---

1. A version hailed by its enthusiastic supporters as D. H. Lawrence's "frontal assault on the shaky but still formidable redoubts of Victorian morality", and by its equally enthusiastic detractors as dedicated to glorifying and thus advancing the cause and cult of illicit love for the sake of its illicitness, Cf. "The Lady Chatterley Spectacle", Leo Hamalian, Columbia University Forum, Winter, 1960, Vol. III, No. 1.

as the author, considered and rejected the same contentions which were advanced there as they are here on the authority of the Swearingen case. Saying:

"The letters contained much foul language; charged the addressee or persons associated with them with sexual immorality, and in some cases charged miscegenation and similar practices. They were coarse, vulgar, disgusting, indecent; and unquestionably filthy within the popular meaning of that term."

the court then went on to say:

"The indictment here under review contains no reference to 'obscene, lewd, or lascivious'. The charge is of depositing 'a certain filthy letter'. It is brought under the amendment to section 3893 of the Revised Statutes made by section 211 of the Criminal Code \* \* \* which inserted the words, 'and every filthy' \* \* \*. We think that it is a more natural reading of the clause to hold that by the amendment Congress added a new class of unmailable matter—the filthy. The letters here in question plainly relate to sexual matters. We have no occasion to consider whether filthy letters of a different character fall within the prohibition of the Act."

So arguing, the district attorney insists that that case rules this one, and the judgment must be affirmed.

We agree. Couched in shocking and disgusting language, fit for use only in gutters, brothels, and like places, the letters vilified, defamed, and, as far as the reading of such language could do it, sought to debase and defile the woman to whom they were addressed. The defendant, their author, thus, by the use of the mails, accomplished in a thorough and effective way his purpose of assaulting the sensibilities, and disturbing the peace of mind, of the recipient, his intended victim. Vile, indecent and filthy, therefore, as they were upon their face, wholly without regard to whether the effect upon the recipient was or was not the one intended by defendant, their sending violates the prohibitions of the law. While, therefore, we wholly disagree with appellant's claim that the Roth case and the other cases cited by him in effect make such letters mailable and, therefore, license him and others to do what he has done and, if not prevented, might do again,—indeed we think the Roth case is direct authority against him, —we think it too clear for argument that, under the Limehouse case, to which may be added Verner v. United States, 3 Cir., 183 F.2d 184, United States v. Roth, 2 Cir., 237 F.2d 796 at page 801, Roth v. United States, 354 U.S. 481–482, 77 S.Ct. 1306–1307, 1 L.Ed.2d 1498, Kingsley Intern. Pictures Corp. v. Regents, 360 U.S. 684, at page 688, note 10, 79 S.Ct. 1362, at page 1365, 3 L.Ed.2d 1512, and Thomas v. United States, 6 Cir., 262 F.2d 844, to similar effect, defendant's guilt was fully made out.

The defendant's secondary specifications of error are no better taken and may be categorically and briefly disposed of.

His claim of former jeopardy must be rejected out of hand as without basis in fact or in law. This is so because his first conviction on his plea of guilty was set aside at his request on his motions, to withdraw his plea of guilty and for a new trial. Cf. Pratt v. United States, 70 App.D.C. 7, 102 F.2d 275 and cases cited.

Of his specification that the court erred in not arresting the judgment when the United States Attorney called the appellant a fiend in his closing argument, it is sufficient to say that the court, pursuant to defense counsel's opposition, immediately instructed the jury to disregard these remarks, Hall v. United States, 84 U.S.App.D.C. 209, 171 F.2d 347, Diggs v. United States, 9 Cir., 220 F. 545, Kowalchuk v. United States, 6 Cir., 176 F.2d 873, Finley v. United States, 5 Cir., 271 F.2d 777; while the verdict of the jury, acquitting the defendant on Counts Two and Four, charging threats to injure the addressee, is, if

such evidence is needed, convincing proof that the remarks, directed as they were, to the counts charging threats of violence, were without adverse effect on the jury.

The claimed error, that the court failed to give appellant's requested charges, is rejected because the court gave a full, careful and fair charge, to which no objections were made except as the requested charges may be so considered, and, in addition, since the charges requested embodied ideas which, as shown above, we have completely rejected, it was not error to refuse them. Indeed it would have been error to have given them in charge.

No reversible error being made to appear, the judgment is affirmed.