**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Billy Joe GATES, Defendant-Appellant.**

**No. 72–1865.**

United States Court of Appeals, Fifth Circuit.

June 25, 1973.

Rehearing Denied July 20, 1973.

Gene W. Caldwell, Tyler, Tex. (Court-appointed), for defendant-appellant.

Roby Hadden, U. S. Atty., Dennis R. Lewis, Asst. U. S. Atty., Tyler. Tex., for plaintiff-appellee.

Before DYER, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Gates was indicted, tried by jury, and convicted of a violation of 18 U.S.C.A. § 1461 in mailing a filthy letter to a married woman with whom he was not acquainted. We affirm.

It is not claimed that the letter served any useful purpose or had literary merit. On the contrary, the letter was couched in shocking, wildly erotic, disgustingly filthy, and prurient language. The contents of the letter are so vulgar, sordid, and provocative that we deem it improper and unnecessary to quote from it.

Gates argues that there is no distinction between the word "filthy" (as used in the indictment) and the word "obscene" as these words are used in the statute and that the Government had the burden of proving beyond a reasonable doubt the basic tests of Roth v. United States, 1957, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498. Pointing to United States v. Groner, 5 Cir. 1972, 475 F.2d 550, Gates contends that since the Gov-

ernment offered no expert evidence in this case to prove obscenity it was error to submit the issue to the jury. We disagree.

 Accepting, without deciding, Gates' equation of the words "filthy" and "obscene",[1] this Court has now decided that the prosecution does not bear the onerous burden of supporting its proof by expert testimony on the elements of obscenity. United States v. Groner, 5 Cir. 1973, 479 F.2d 577 (en banc).[2] Furthermore, it is now settled that on review of First Amendment cases, the proper course for an appellate court to take is:

> to make "an independent constitutional judgment on the facts of the case as to whether the material involved is constitutionally protected." [Jacobellis v. Ohio, 378 U.S. 184, 190, 84 S.Ct. 1676, 1679, 12 L.Ed.2d 793]. In so proceeding, there is a concomitant duty to follow the test laid down by the Supreme Court for determining obscenity: whether "to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest." [Kois v. Wisconsin, 408 U.S. 229, 230, 92 S.Ct. 2245, 2246, 33 L.Ed.2d 312, 315.] Having examined the material in question, we have no difficulty in applying this test without the help of expert testimony in the record on the part of the prosecution. (footnote omitted).

479 F.2d at 583, 584. The jury verdict was supported by substantial evidence. *See* United States v. Green, 5 Cir. 1973, 474 F.2d 1385; United States v. Cameron, 5 Cir. 1973, 471 F.2d 1372.

 Gates' final complaint is that it was error to admit in evidence a brochure, depicting sexual acts, that was enclosed with the letter. The district court found, and we think correctly so, that the brochure was properly admitted for the limited purpose of proving the identity of Gates as the sender of the letter.

The judgment of conviction is

Affirmed.

1. *But see* United States v. Limehouse, 1932, 285 U.S. 424, 52 S.Ct. 412, 76 L.Ed. 843; Cain v. United States, 5 Cir. 1960, 274 F.2d 598.

2. In the original panel opinion of *Groner,* the Court took pains to point out that in those cases which are "graced with no plot, no character development, no exemplification of independent literary effort" or those cases where "the question[ed] material might be so terribly depraved and so lacking in candor that anyone would know without a question that the community norm had been forsaken in the writer's quest for sexual sensationalism" are excluded from the reach of the requirement that expert testimony be offered. 479 F.2d 579. Gates' letter is, in our view, the paradigm of hard core pornography, *see* Kahm v. United States, 5 Cir. 1962, 300 F.2d 78, 86, and thus no expert evidence was required even under the original panel opinion in *Groner.*