**E. Parl WELCH, Appellant,**

**v.**

**William E. SIMON, Secretary of the Treasury, et al.**

**No. 71–1208.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 22, 1972.

Decided June 6, 1974.

As Amended June 13, 1974.

---

1. 28 U.S.C. § 2111.

2. Such retroactivity would be impossible to accomplish. This trial, however, began on June 17, 1971.

Glenn R. Graves and John W. Karr, Washington, D. C., for appellant.

Richard S. Stolker, Robert L. Kevch, Lee B. Anderson and George W. Calhoun, Attys., Dept. of Justice, for appellees.

Before McCREE,* Circuit Judge for the Sixth Circuit, and ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

When, last term, this case was first before us, we remanded the record to the District Court for further proceedings.[1] Appellant, the plaintiff in the litigation, had sought a license enabling him to contribute $2,000 toward the purchase of medical supplies for civilian use in North and South Vietnam, and later had transmitted a $25 check to a Canadian relief organization for that purpose. In consequence of developments chronicled in our prior opinion,[2] the license had been refused and the funds represented by the check had been blocked. This lawsuit, thence ensuing, raised broad questions of statutory interpretation and constitutional power, which the District Court had resolved against appellant.[3] Events transpiring while we had the litigation under submission[4] indicated possible mootness, and attested the need in any event for an up-to-date factual record.[5] We remanded for those reasons, and the response has been prompt.

On remand, the District Court found "that plaintiff's license application will be approved forthwith, and that $25 in blocked funds which were involved in the litigation will be unblocked without further action by the parties. . . ." That finding was predicated upon advice from counsel for appellees, the defendants in the suit, as follows:

As the Court may be aware, it has been the traditional policy of the United States Government to favor the providing of humanitarian assistance to the people of other countries. With respect to the providing of such assistance to North Vietnam, we have carried out this policy subject to appropriate safeguards to assure that the assistance provided was of a type and amount designed to fulfill legitimate humanitarian needs. We also adopted a requirement that there be impartial observation of distributions in accordance with traditional relief practice. The Democratic Republic of Vietnam has almost always refused to permit such observation and defendants have not approved licenses in such cases, including the one at bar.

The defendants have carefully reconsidered the utility and desirability of retaining this requirement in the current context of humanitarian assistance to North Vietnam and have decided in this context not to consider such observation to be a general requirement for the issuance of licenses in such cases. However, the possibility of such observation will be considered along with other factors such as the nature and amount of assistance involved in reaching licensing decisions on particular cases which may hereafter arise.

Pursuant to this decision, defendants have reconsidered plaintiff's license application and have decided that it will be approved.

On this basis the District Court entered an order, which counsel for all litigants endorsed "approved," declaring "that no aspect of the above-captioned litigation is still alive," and informing us that the court proposes not to make any further decision in the matter.

■ We are mindful that "[m]ere voluntary cessation of allegedly illegal

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1970).

1. Welch v. Schultz, 151 U.S.App.D.C. 191, 482 F.2d 780 (1973).

2. *Id.* at 192, 482 F.2d at 781.

3. Welch v. Kennedy, 319 F.Supp. 945 (D.D. C.1970).

4. Welch v. Schultz, *supra* note 1, 151 U.S. App.D.C. at 193, 482 F.2d at 782–783.

5. *Id.* at 194, 482 F.2d at 783.

conduct does not moot a case,"[6] because if it did the alleged wrongdoer would be left "free to return to his old ways."[7] On the contrary, mootness follows unilateral discontinuance of such conduct "only if it could be said with assurance "that there is no reasonable expectation that the wrong will be repeated.' "[8] We realize, too, that applications for licenses to transmit funds to North Vietnam will hereafter be granted or denied on the basis of factors individually involved, that conceivably the ban which appellant contested might eventually be restored, and that in either event appellant could again face the problem which precipitated his suit should he ever again seek to send a contribution to that country.

Notwithstanding these considerations, we are of the view that the District Court was correct in its conclusion that the controversy between the parties is dead. The pivotal inquiry is whether, now that American military involvement in Vietnam has ended, appellant anticipates future contributions to the North Vietnamese.[9] Speculation as to the direction appellant's philanthropy might take is not an acceptable substitute for evidence that renewal of the controversy "is a prospect of immediacy and reality,' "[10] and here no such prospect is apparent. Appellant has brought forth no evidence disclosing a purpose to contribute further to Vietnamese relief,[11] and his counsel has expressly approved the District Court's order containing the explicit statement "that no aspect of the . . . litigation is still alive." We cannot imagine a more authentic source of appellant's intentions than appellant himself, and his post-remand actions indicate plainly enough his own satisfaction that no plans he has are on a collision course with appellees' future treatment of license applications involving North Vietnam. In this milieu, we perceive no reasonable expectation that appellant will again encounter the difficulty that brought him into court.

■ We conclude, then, that the dispute between the parties has evaporated, with no realistic probability of revival in sight. Accordingly, we intimate no view as to the validity of the administrative conduct which appellant challenged. And since, owing to mootness, appellant cannot obtain judicial review of the judgment from which he appealed, precedent requires us to vacate that judgment.[12] We do that, and we then remand the case to the District Court for entry of an order dismissing appellant's action therein as moot.

So ordered.

6. United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203, 89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968). Accord, Gray v. Sanders, 372 U.S. 368, 376, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963) ; United States v. W. T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953).

7. United States v. W. T. Grant Co., *supra* note 6, 345 U.S. at 632 (footnote omitted). See also DeFunis v. Odegaard, 42 U.S.L.W. 4578, 4579, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) ; United States v. Concentrated Phosphate Export Ass'n, *supra* note 6, 393 U.S. at 203.

8. DeFunis v. Odegaard, *supra* note 7, 42 U. S.L.W. at 4579 [94 S.Ct. 1704, 1707], quoting United States v. W. T. Grant Co., *supra* note 6, 345 U.S. at 633, in turn quoting United States v. Aluminum Co. of America, 148 F.2d 416, 448 (2d Cir. 1945).

9. We note that appellant's suit was not brought as a class action.

10. Golden v. Zwickler, 394 U.S. 103, 109, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969), quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L. Ed. 826 (1941). See also DeFunis v. Odegaard, *supra* note 7, 42 U.S.L.W. at 4579–80 n. 4 [94 S.Ct. 1704] ; Hall v. Beals, 396 U. S. 45, 49–50, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969).

11. Compare Golden v. Zwickler, *supra* note 10, 394 U.S. at 109.

12. United States v. Munsingwear, Inc., 340 U.S. 36, 39–40, 71 S.Ct. 104, 95 L.Ed. 36 (1950) ; Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 81 L.Ed. 178 (1936) ; Acheson v. Droesse, 90 U.S.App.D.C. 143, 144–147, 197 F.2d 574, 575–578 (1952).