MANUAL ENTERPRISES, INC., et al.,
Appellants,

v.

J. Edward DAY, Postmaster General,
Appellee.

No. 16072.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 13, 1961.

Decided March 23, 1961.

Mr. Stanley M. Dietz, Washington, D. C., for appellants.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

In April, 1960, postal officials determined that three magazines, "Manual," "Trim," and "Grecian Guild Pictorial," (hereinafter referred to as appellants), were non-mailable under 18 U.S.C. § 1461 as being obscene and as conveying information as to how and where obscene matter might be obtained. Pursuant to this determination, copies of the magazines were withheld from dispatch. Shortly thereafter an administrative hearing was conducted, in which appellants participated, which ended adversely to appellants. Suit for injunctive relief was then filed in District Court. Appellants' motion for preliminary injunction was denied. On cross-motions for summary judgment, appellants' was denied, and appellee's was granted. This appeal followed.

The magazines in question are physique magazines, composed almost exclusively of photographs of nearly nude male models. Each photograph is accompanied by a brief caption giving the names of the model and photographer. Each issue also contains an index listing the photographers who have contributed to that magazine and a few advertisements from photographers and studios offering collections of nude photographs.

At the administrative hearing psychiatrists testified in great detail, explaining how and why the poses used in most of the pictures and the clothing worn by the models would arouse great prurient interest in homosexuals. Psychiatric testimony was also given to the effect that certain objects (swords and chains) used in some of the pictures were primary symbols of sexual fantasies of deviants within the homosexual group.

A postal inspector testified that, using an assumed name, he submitted orders to some of appellants' advertisers and received from them photographs of nude males with the pubic area exposed to view. He further testified that, in his experience, additional orders would produce photographs progressively more lascivious. Investigations at the studios which mailed the particular photographs here involved resulted in the discovery of what was termed "hard core pornography," photographs of groups of nude males engaged in homosexual activities.

Appellants contend that these magazines are body-building magazines, and that the publishers have no way of knowing whether newsstand sales are made to homosexuals or body-building enthusiasts. They further contend that they can not be charged with the photographs found in the course of the investigations because they were not sent through the mails and that the photographs which were actually sent are not obscene because nudity as such is not obscene.

■ We think there was substantial evidence on the administrative record to support the conclusion that these magazines were intended for homosexuals. Overlooking the testimony that Herman Womack (the owner of two of the magazines and the publisher of all three) actually admitted such intent, the expert testimony as to the effect of the published pictures on homosexuals coupled with the obvious lack of relationship of the "posing straps," heavy boots, helmets, swords, and chains to any interest in body-building, we think, amply supports the inference that these pictures were deliberately published because of their effect upon homosexuals.

■ ■ Appellants contend that even if these pictures do arouse prurient interests in homosexuals, they are not obscene within the definition of Roth v. United States, 1957, 354 U.S. 476, 77 S. Ct. 1304, 1 L.Ed.2d 1498, the so-called "average person in the community" test.

It seems to us that the real meaning of Roth is that the object in question is not to be considered in terms of the reaction of an isolated atypical consumer. A case of obscenity thus is not to be predicated on the reaction of the peculiarly prudish or susceptible, and neither is a defense to such a charge to be predicated on the lack of reaction on the part of the peculiarly jaded. On the basis of the evidence before the administrative body, we think that "the average member of the community" would be an atypical reader of these magazines. The proper test in this case, we think, is the reaction of the average member of the class for which the magazines were intended, homosexuals. The testimony of record was clearly to the effect that these magazines would arouse prurient interest in the average homosexual. The finding that these magazines were obscene within the meaning of the statute is therefore affirmed.

The testimony of the postal inspector as to his experience in the progressive nature of the material sent through the mails by the advertisers, together with the photographs actually so sent and those seized at the same studios, we think, furnishes substantial evidence for the conclusion that the advertisements in these magazines did give information with respect to where, how and from whom obscene matter could be obtained. The foregoing omits consideration of whether the photographs actually sent through the mails were obscene. A prior decision of this court has held such matter to be obscene. See Womack v. United States, —— U.S.App.D.C. ——, —— F.2d —— decided Jan. 12, 1961. This finding of the administrative body is likewise affirmed.

The judgment of the District Court is therefore

Affirmed.

FAHY, Circuit Judge, concurs in the result.