UNITED STATES, Appellant

v

BOBBY G. HOLT, Sergeant, U. S. Army, Appellee

12 USCMA 471, 31 CMR 57

No. 14,986

July 28, 1961

*First Lieutenant Harvey L. Zuckman* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel James G. McConaughy*.

*First Lieutenant Thomas Stapleton* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Ralph Herrod*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The board of review set aside as improvident the accused's plea of guilty to three specifications alleging the mailing of obscene and lewd letters to a thirteen-year-old girl with whom he was purportedly in love. Pursuant to the provisions of Article 67 (b) (2) of

the Uniform Code of Military Justice, 10 USC § 867, The Judge Advocate General of the Army asked this Court to review the correctness of the board of review's decision.

Substantial evidence was admitted during the sentence procedure. Reduced to its essentials, it appears that accused met Sandra, the addressee of the letters, in March 1959. He was then thirty-one years of age and married, but separated from his wife because of marital differences. Sandra was not yet fourteen and lived at home. Not long after their first meeting, the accused told Sandra he loved her; because she loved him they became intimate. The accused informed Sandra that "he was not getting along" with his wife and they "probably would get a divorce." During his liaison with Sandra the accused wrote the letters which are the subject of the charges. He maintained that he intended them only as "love letters." Sandra testified that she considered the letters "just [the accused's] way of saying things," but she admitted that she answered questions in the accused's letters with the same words used by him and on one occasion asked if she "look[ed] desirable."

On review before the board of review, the accused contended his plea of guilty was improvident because the matter set out in the letters was not obscene. Reviewing a number of cases dealing with obscene writings, the board of review observed that sex and obscenity are not synonymous.[1] It concluded that the accused's testimony that the letters were love letters

"placed in issue the question of whether they were basically designed to further prurient interests of the accused or were, when considered from an over-all point of view, written for the purpose expressed by him." The Government challenges the board of review's decision on the ground that the accused's subjective purpose or motive in writing the letter is not an essential element of the offense charged. It contends that obscenity is determined not on the basis of the sender's motive, but by the objective standards of the "average person" and that nothing in the accused's testimony or in the evidence is inconsistent with the plea of guilty.[2] See Roth v United States, 354 US 476, 1 L ed 2d 1498, 77 S Ct 1304 (1957). Appellate defense counsel, however, maintain that the board of review was not concerned merely with the accused's motive but with the fact that the dominant theme of the letters was not to stimulate impure sexual thought but to convey the sincere and honest sentiments of the lover. Which idea the board of review had in mind need not detain us. Purity of motive is no defense to impurity of writing. United States v Dennett, 39 F 2d 564 (CA 2d Cir) (1930). District Judge Bryan stated the rule succinctly in his opinion on the mailability of D. H. Lawrence's "Lady Chatterly's Lover." He said:

"No doubt an author may write a clearly obscene book in the mistaken belief that he is serving a high moral purpose. The fact that this is the author's purpose does not redeem the book from obscenity." [Grove Press, Inc. v Christenberry, 175 F Supp 488

[1] The parties have used as their point of reference the Federal Mail Obscenity Statute, 18 USC § 1461. In part that section provides that every "obscene, lewd, lascivious . . . matter, thing, device, or substance" is nonmailable matter. A violation of the statute is punishable by imprisonment for ten years and a fine, or both. We accept the reference as appropriate for the purposes of this case.

[2] Since the letter is addressed to a particular individual alone, Government counsel concede that the "average person" test is not the average person of the community generally, but the average person of the special group in which the addressee may fall. Professors Lockhart and McClure describe this application of the "average person" rule as "variable obscenity." Lockhart and McClure, *Censorship of Obscenity: The Developing Constitutional Standards*, 45 Minnesota Law Review 5 (1960); see also Manual Enterprises, Inc. v Day, 289 F 2d 455 (CA DC Cir) (1961); United States v 31 Photographs, Etc., 156 F Supp 350 (SD NY) (1957). We need not pass on the correctness of the concession.

(SD NY) (1959), affirmed 276 F 2d 433 (CA 2d Cir) (1960).]

We turn then directly to the letters. How do we determine whether they are obscene? The question has been said to be one of fact for the triers of the fact. Roth v United States, supra; Thomas v United States, 262 F 2d 844 (CA 6th Cir) (1959); United States v One Book Entitled Ulysses, 72 F 2d 705 (CA 2d Cir) (1934); cf. Swearingen v United States, 161 US 446, 40 L ed 765, 16 S Ct 562 (1896). In his own appraisal of the facts, the accused consistently described the letters as obscene. Thus, he told the law officer in response to specific questions that he understood the words "obscene" and "lewd"; that he had "thoroughly" discussed the offenses with his counsel; and that he was pleading guilty for no reason other than the fact that he committed the acts alleged. Later, in his testimony he again said that he considered the letters obscene. Consequently, unless the language of the letters is not obscene as a matter of law, nothing in the accused's testimony or in the evidence is inconsistent with, or contrary to, his plea of guilty. See Swearingen v United States, supra; United States v Wroblenski, 118 Fed 495 (ED Wisc) (1902). We have read the letters. They manifestly appeal to lust and licentiousness, whether measured by the standards of decency of the "average person" in the contemporary community; or by the "average" thirteen-year-old adolescent; or by the effect on Sandra; or as a "constitutional judgment" affecting the right of free speech. See Roth v United States, supra. Had the accused not pleaded guilty and had the court-martial returned findings of guilty on the merits, we would be compelled to hold the evidence to be sufficient.

To escape the fact of obscenity, appellate defense counsel contend that "a private personal love let- ter" is not "matter" within the meaning of the Federal Mail Obscenity Statute. Several arguments are advanced in support of the contention. First, it is said that by its terms the statute does not punish the mailing of an obscene letter. That is indeed true; the word "letter" is not specifically set out in the act. The act provides that obscene "matter" is nonmailable. In Thomas v United States, supra, the Court of Appeals for the Second Circuit pointed out that the legislative history demonstrates that Congress intended to enlarge the operation of the predecessor statute, which expressly included letters, and, consequently, the word "matter" embraces letters. See also Cain v United States, 274 F2d 598 (CA 5th Cir) (1960). We agree with that holding.

Secondly, appellate defense counsel contend that "private communications between two people who [have] a close and personal relationship" is not "matter" within the meaning of the statute. This contention was also rejected in the *Thomas* case. There, as here, the defendant and the addressee of his letter were "lovers." He was nearly thirty and she was sixteen. The defendant's letter was written in response to a letter received from the addressee in which she said she had been informed he was consorting with another woman. There, as here, it was asserted that a "private" letter was not within the scope of the obscenity statute. The Court of Appeals rejected the argument and sustained the conviction. Implicit in the decision is a holding that the existence of special sentiments between the sender and the addressee of a letter does not take the letter out of the operation of the statute. The same implication appears in other cases relied upon by counsel.

In United States v Wroblenski, supra, a son wrote to his mother charging her with an adulterous relationship. The court held that had the letter been sent to a young person or stranger, the language of the letter might be considered obscene, but it concluded that the writing had no tendency to corrupt the particular recipient. Significantly, the court did not single out the relationship between the sender and the receiver as a special circumstance sufficient to take the letter out of the operation of the statute. Sinclair v United States, 338 US 908, 94 L ed 559, 70 S Ct

342 (1950), also supports the view that a legal or consanguineous relationship between the sender and the addressee does not bar prosecution of the former for mailing an obscene letter. In that case, the letter was mailed by a husband to his wife. He was convicted in the District Court and the Court of Appeals affirmed the conviction. Although the Supreme Court reversed, its memorandum opinion makes no mention of the special relationship between the sender and the addressee, but merely relies upon two earlier cases dealing with the test for obscenity. In United States v Reinheimer, 233 Fed 545 (ED Pa) (1916), the indictment was dismissed. There the sender was also the addressee of the letter. The District Court held that the mail statute contemplates some sort of publication, which is lacking when the matter is mailed by the sender to himself. We conclude, therefore, that although the accused and Sandra were lovers, the relationship did not take the letter out of the operation of the statute.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Army for submission to the board of review for reconsideration in light of this opinion.

Judge FERGUSON concurs.