**Lloyd SPINAR and Conrad L. Germain, Doing Business as DSI Sales, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 20250.

United States Court of Appeals, Eighth Circuit.

April 1, 1971.

Sam Rosenwein, Studio City, Cal., Stanley Fleishman, Hollywood, Cal., Lyle Huseby, Fargo, N. D., for defendants-appellants.

Harold O. Bullis, U. S. Atty., Lynn E. Crooks, Eugene K. Anthony, Asst. U. S. Attys., Fargo, N. D., for appellee.

Before VAN OOSTERHOUT and HEANEY, Circuit Judges, and HANSON, District Judge.

PER CURIAM.

Defendants were convicted by a jury on all eight counts of an indictment charging violation of 18 U.S.C. Section 1461, which makes unlawful the mailing of obscene matter. Four of the counts of the indictment were concerned with advertisements of the material and the other four counts involved the actual materials, both of which were sent through the mails. Each defendant was sentenced to eighteen months on each count, said sentences to run concurrently. In addition, a fine of $1000.00 on each count was imposed on each defendant.

Defendants appeal from the judgments of conviction and raise the following issues: (1) that 18 U.S.C. Section 1461, is unconstitutional; (2) that the material in question is not obscene; (3) double jeopardy; and (4) numerous errors in the trial court's rulings. We need only consider the issue of whether the material in question is obscene.

The jury found the materials to be obscene. Normally, much deference is given to jury findings by the courts. However, the Supreme Court in Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964), clearly sets forth the principle that it is the court's ultimate duty to determine what is or is not

obscene since the question of obscenity necessarily implicates issues of constitutional law, specifically the First Amendment.

The materials in question consist of advertisements for 2′ by 3′ posters as well as the posters themselves. The subject matter depicted are nude or nearly-nude males, all with their genitalia fully exposed. Most of the pictures show a single male; some portray more than one male. There is no sexual activity shown although in some of the pictures the male organ appears not to be in a state of complete repose. There is certainly no attempt by photographic artistry to shade or blur the genital area. Each of the advertisements and photographs listed in the indictment were requested and received by a postal inspector using fictitious names and addresses.

We are bound of course by the law of obscenity as declared by the United States Supreme Court. It is our considered opinion that the materials involved in this case can not be distinguished in any meaningful way from that material held not obscene in recent Supreme Court decisions. Keriakos v. Hunt, 400 U.S. 929, 91 S.Ct. 185, 27 L.Ed. 2d 189 (1970), denying cert. in 428 F.2d 606 (1st Cir. 1970); Bloss v. Dykema, 398 U.S. 278, 90 S.Ct. 1727, 26 L.Ed.2d 230 (1970), rev'g per curiam, 17 Mich. App. 318, 169 N.W.2d 367 (1969); Central Magazine Sales, Ltd. v. United States, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967), rev'g per curiam 373 F.2d 633 (4th Cir. 1967); Potomac News Co. v. United States, 389 U.S. 47, 88 S. Ct. 233, 19 L.Ed.2d 46 (1967), rev'g per curiam 373 F.2d 635 (4th Cir. 1967); Felton v. City of Pensacola, 390 U.S. 340, 88 S.Ct. 1098, 19 L.Ed.2d 1220 (1968), rev'g per curiam, Fla.App., 200 So.2d 842; Levin v. Maryland, 389 U.S. 1048, 88 S.Ct. 767, 19 L.Ed.2d 840 (1968), denying cert. in 1 Md.App. 139, 228 A.2d 487; Sunshine Book Co. v. Summerfield, 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed.2d 352 (1958), rev'g per curiam, 101 U.S.App. D.C. 358, 249 F.2d 114 (1957); Manual Enterprises v. Day, 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962), rev'g 110 U.S.App.D.C. 78, 289 F.2d 455 (1961); Cain v. Kentucky, 397 U.S. 319 (1970), rev'g per curiam, Ky., 437 S.W. 2d 769. Also see Luros v. United States, 389 F.2d 200 (8th Cir. 1968).

Neither do we believe that the concept of pandering, even assuming it is applicable here, is present in this case. See Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966); Luros v. United States, supra.

The convictions are reversed and the cause is remanded to the District Court with direction to enter judgments of acquittal for each appellant on all counts of the indictment.